ACCEPTED
01-15-00429-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/11/2015 12:00:31 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00429-CV

**In The First District Court of Appeals Houston, Texas**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/11/2015 12:00:31 PM
CHRISTOPHER A. PRINE
Clerk

**Eileen K. Starbranch**,

*Appellant,*

**v.**

**Elizabeth Howard Crowell**,

*Appellee.*

On Appeal from the 55th Judicial District Court
Harris County, Texas
Cause No. 2013-14192

**BRIEF OF APPELLANT**

Nelson S. Ebaugh
NELSON S. EBAUGH, P.C.
2777 Allen Parkway, Ste. 1000
Houston, Texas 77019
Tel. (713) 752-0700
Fax (713) 739-0500
nebaugh@ebaughlaw.com
Texas Bar Card No. 24007139

**ATTORNEY FOR APPELLANT**

**Oral Argument Requested**

**IDENTITY OF PARTIES AND COUNSEL**

| | |
|---|---|
| **Appellant:** | Eileen K. Starbranch |
| **Trial and Appellate Counsel for Appellant:** | Nelson S. Ebaugh<br>NELSON S. EBAUGH, P.C.<br>2777 Allen Parkway, Ste. 1000<br>Houston, Texas 77019 |
| **Appellee:** | Elizabeth Howard Crowell |
| **Trial and Appellate Counsel for Appellee:** | John B. Shely<br>Courtney B. Glaser<br>ANDREWS KURTH, LLP<br>600 Travis, Suite 4200<br>Houston, TX 77002 |

**TABLE OF CONTENTS**

**Page**

Identity of Parties and Counsel ............................................................... i

Index of Authorities ..........................................................................v

Statement of the Case.................................................................... xi

Issue Presented.......................................................................... xii

Statement of the Facts ......................................................................1

    A.   Overview ......................................................................1

    B.   The parties and their relationships .............................................1

    C.   Neighbors ask Starbranch to execute signature pages for the Association .........................................................................3

    D.   Crowell files suit ...............................................................4

    E.   Termination of the Association in 2013.....................................5

    F.   The trial court grants Crowell's Motion for Summary Judgment on Attorney's Fees against Starbranch ....................................7

    G.   The trial court grants Starbranch's motion to dismiss Crowell's action for declaratory judgment as moot ............................... 12

    H.   Order and Final Judgment leads to this appeal ................................... 12

Summary of Argument ................................................................. 14

Argument.............................................................................. 16

    A.   The Declaratory Judgments Act cannot be used as a vehicle to obtain otherwise impermissible attorneys' fees..................................... 17

B. The trial court improperly usurped the jury's fact-finding role during a summary-judgment proceeding ................................. 21

C. The attorneys' fees are neither equitable nor just ................................. 25

    1. The trial court awarded attorneys' fees before it even declared the representative rights and interests of Crowell and Starbranch ......................................................................... 26

    2. It is inequitable and unjust to award attorneys' fees against a person who was not even a proper party to the declaratory judgment action ................................................................. 29

    3. There is no evidence that Starbranch prolonged the case or prevented a complete and final resolution to this case ..................... 33

D. The summary judgment evidence raised genuine issues of material fact ......................................................................... 36

    1. The affidavit of Nelson S. Ebaugh raised genuine issues of material fact ....................................................................... 37

    2. The affidavit of Eileen K. Starbranch raised genuine issues of material fact ....................................................................... 39

    3. Genuine issues of material fact necessarily existed because the trial court sustained Starbranch's objections to Crowell's failure to segregate ............................................................. 40

    4. Crowell's own evidence established the existence of genuine issues of material fact ................................................... 42

E. The trial court abused its discretion by considering evidence filed after the submission date and which Starbranch did not have the opportunity to controvert ................................................... 43

F. The trial court granted more relief than was requested in Crowell's Motion for Summary Judgment on Attorneys' Fees............ 46

Conclusion and Prayer ............................................................... 49

iii

Certificate of Compliance ................................................................. 51

Certificate of Service ..................................................................... 51

Appendix .................................................................................... 52

iv

**Page**

**Cases**

*Adiuku v. Ikemenefuna ex rel. Ada Mbaise Ass'n of Houston,*
    No. 14–13–00722–CV, 2015 WL 778487, *12
    (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) ......................... 24

*Almaguer v. Jenkins,*
    882 S.W.2d 903, 904
    (Tex. App.—Corpus Christi 1994, no writ) ................................................. 22

*AMX Enters., L.L.P. v. Master Realty Corp.,*
    283 S.W.3d 506
    (Tex. App.—Fort Worth 2009, no pet.) ....................................................... 41

*Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A Ltd.,*
    249 S.W.3d 380 (Tex. 2008) ....................................................................... 34

*Armbruster v. Memorial Southwest Hosp.,*
    857 S.W.2d 938
    (Tex. App.—Houston [1st Dist.] 1993, no writ) ........................................... 42

*Beavers v. Goose Creek Consol. I.S.D.,*
    884 S.W.2d 932, 935
    (Tex. App.—Waco, 1994, writ denied) ........................................................ 43

*Bocquet v. Herring,*
    972 S.W.2d 19 (Tex. 1998) ............................................. 22, 23, 25, 26, 35, 37

*Bonham State Bank v. Beadle,*
    907 S.W.2d 465 (Tex. 1995) ....................................................................... 32

*Ca Partners v. Spears,*
    274 S.W.3d 51, 81
    (Tex. App.—Houston [14th Dist.] 2008, pet. denied) ................................. 40

*Caldwell v. Carrollton Air Conditioning, Inc.,*
    No. 07-05-0241-CV, 2007 WL 2390425 *6
    (Tex. App.—Amarillo Aug. 22, 2007, pet. denied) (mem. op.) ................... 43

*Carpenter v. Cimarron Hydrocarbons Corp.*,
   98 S.W.3d 682 (Tex. 2002).........................................................................43, 48

*City of Carrollton v. RIHR Inc.*,
   308 S.W.3d 444
   (Tex. App.—Dallas 2010, pet. denied).......................................................... 27

*Crown Asset Management, LLC v. Short*,
   No. 01-08-00042-CV, 2009 WL 1025729
   (Tex. App.—Houston [1st Dist.] Apr. 16, 2009, no pet.)
   (mem. op.) .................................................................................................28, 35

*Engel v. Pettit*,
   713 S.W.2d 770, 771-73
   (Tex. App.—Houston [14th Dist.] 1986, no writ)......................................... 38

*Extended Servs. Program, Inc. v. First Extended Serv. Corp.*,
   601 S.W.2d 469
   (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) .......................................... 46

*Fuqua v. Oncor Elec. Delivery Co.*,
   315 S.W.3d 552, 559-60
   (Tex. App.—Eastland 2010, pet. denied) ................................................21, 22

*Garland v. Dallas Morning News*,
   22 S.W.3d 351, 367 (Tex.2000) ................................................................... 22

*General Elec. Supply Co. v. Gulf Electroquip, Inc.*,
   857 S.W.2d 591
   (Tex. App.—Houston [1st Dist.] 1993, writ denied).................................23, 36

*Goldman v. Olmstead*,
   414 S.W.3d 346
   (Tex. App.—Dallas 2013, pet. denied).......................................................... 40

*Guity v. C.C.I. Enter., Co.*,
   54 S.W.3d 526
   (Tex. App.—Houston [1st Dist.] 2001, no pet.).......................................... 36

*Hahn v. Love*,
   321 S.W.3d 517
   (Tex. App.—Houston [1st Dist.] 2009, pet. denied) .................................... 19

*Highland Capital Mgmt., L.P. v. Ryder Scott Co.*,
   402 S.W.3d 719
   (Tex. App.—Houston [14th Dist.] 2012, no pet.)........................................ 47

*Hourani v. Katzen*,
   305 S.W.3d 239
   (Tex. App.—Houston [1st Dist.] 2009, pet. denied) .................................... 49

*Jay Petroleum, L.L.C. v. EOG Res., Inc.*,
   332 S.W.3d 534
   (Tex. App.—Houston [1st Dist.] 2009, pet. denied) .................................... 36

*Kennesaw Life & Accident Ins. Co. v. Goss*,
   694 S.W.2d 115
   (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) ..................... 27, 32

*LaGoye v. Victoria Wood Condo Ass'n*,
   112 S.W.3d 777
   (Tex. App.—Houston [14th Dist.] 2003, no pet.)........................................ 49

*MBM Fin. Corp. v. Woodlands Operating Co.*,
   292 S.W.3d 660 (Tex. 2009) .................................................................... 17

*McConnell v. Southside Indep. Sch. Dist.*,
   858 S.W.2d 377 (Tex. 1993) ................................................................ 46, 47

*McGlown v. Ashford Park Homeowners Asso', Inc.*,
   No. 01-08-00619-CV, 2009 WL 1635310
   (Tex. App.—Houston [1st Dist.] Jun. 11, 2009, no pet.)
   (mem. op.)....................................................................................... 24, 25

*Mortg. Elec. Registration Sys., Inc. v. Groves*,
   No. 14-10-00090-CV, 2011 WL 1364070
   (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, pet. denied)
   (mem. op.)............................................................................................ 19

*Parker v. Hunegnaw*,
  364 S.W.3d 398
  (Tex. App.—Houston [14th Dist.] 2012, no pet.)......................................... 18

*Pentico v. Mad-Wayler, Inc.*,
  964 S.W.2d 708
  (Tex. App.—Corpus Christi 1998, pet. denied) .......................................... 23

*Positive Feed, Inc. v. Guthmann*,
  4 S.W.3d 879
  (Tex. App.—Houston [1st Dist.] 1999, no pet.).......................................... 49

*Reiner v. Ehrlich*,
  66 A.3d 1132 (Md. Ct. Spec. App. 2013)................................................ 30, 31

*Sams v. N.L. Indus., Inc.*,
  735 S.W.2d 486
  (Tex. App.—Houston [1st Dist.] 1987, no writ) ......................................... 45

*Sanders v. Capitol Area Council*,
  930 S.W.2d 905
  (Tex. App.—Austin 1996, no writ) ........................................................ 45

*SW. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*,
  981 S.W.2d 951
  (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ................. 18, 19, 20, 21

*State v. Heal*,
  917 S.W.2d 6 (Tex. 1996)................................................................. 16, 25

*State & County Mut. Fire Ins. Co. ex rel. S. United Gen. Agency of*
*Tex. v. Walker*,
  228 S.W.3d 404
  (Tex. App.—Fort Worth 2007, no pet.)................................................. 26, 29

*Stewart Title Guar. Co. v. Sterling*,
  822 S.W.2d 1 (Tex. 1991)...................................................................... 37

*Tanglewood Homes Ass'n, Inc. v. Feldman*,
    436 S.W.3d 48
    (Tex. App.—Houston [14th Dist.] 2014, pet. denied).................................. 28

*Texan Dev. Co. v. Hodges*,
    237 S.W.2d 436
    (Tex. Civ. App.—Amarillo 1951, no writ)................................................... 19

*Tex. Div.-Tranter v. Carrozza*,
    876 S.W.2d 312 (Tex. 1994) ...................................................................... 34

*Tony Gullo Motors I, L.P. v. Chapa*,
    212 S.W.3d 299 (Tex. 2006) ................................................................ 40, 41

*U.S. Nat'l Bank Ass'n v. Johnson*,
    No. 01-10-00837-CV, 2011 WL 6938507
    (Tex. App.—Houston [1st Dist.] De. 30, 2011, no pet.) (mem. op.) ........... 18

*Universal Printing Co. v. Premier Victorian Homes, Inc.*,
    73 S.W.3d 283
    (Tex. App.—Houston [1st Dist.] 2001, pet. denied) .................................. 21

*Valence Operating Co. v. Dorsett*,
    164 S.W.3d 656 (Tex. 2005) ...................................................................... 16

*VICC Homeowners' Ass'n v. Los Campeones, Inc.*,
    143 S.W.3d 832
    (Tex. App.—Corpus Christi 2004, no pet.).................................................. 27

*Walker v. Packer*,
    827 S.W.2d 833 (Tex. 1992) (orig. proceeding) ......................................... 25

*Wheeler v. Green*,
    157 S.W.3d 439, 442 (Tex.2005) ............................................................... 43

*White Motor Co. v. Loden*,
    373 S.W.2d 863, 865
    (Tex. Civ. App.—Dallas 1963, no writ)....................................................... 22

*Wise v. Conklin*,
No. 01-13-00840-CV, 2015 WL 1778612
(Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no pet. h.) (mem. op.)...... 20

*Yancy v. United Surgical Partners Intl., Inc.*,
236 S.W.3d 778 (Tex. 2007) ...................................................... 16

**Statues**

Md. Code Ann., Cts. & Jud. Proc. § 5-422 ...................................... 30

Tex. Bus. Orgs. Code § 22.152 ............................................... 30, 31

Tex. Bus. Orgs. Code § 22.221 .................................................. 30

Tex. Bus. Orgs. Code § 22.235 .................................................. 30

Tex. Civ. Prac. & Rem. Code § 37.009 ................................ 21, 25, 28

Tex. Prop. Code § 204.006 ................................................. 2, 3, 32

**Rules**

Tex. R. Civ. P. 5 .......................................................... 43, 48

Tex. R. Civ. P. 21(b) .......................................................... 45

Tex. R. Civ. P. 166a ........................................................... 46

Tex. R. Civ. P. 166a(c) ................................................. 36, 47, 49

**Other Authorities**

2 TEX. PRAC. GUIDE CIVIL TRIAL § 14:25 (Thomson Reuters 2014) ................ 22

65 AM. JUR. 2d *Quieting Title* § 63 (Database updated May 2015) ............ 30, 31

74 C.J.S. *Quieting Title* § 3 (April 2015)..................................... 19

BLACK'S LAW DICTIONARY 308 (9th ed. 2009) .................................... 34

## STATEMENT OF THE CASE

***Nature of the Case:*** Elizabeth Howard Crowell sued twenty-seven defendants, including Eileen K. Starbranch, in connection with a property owners' association that was allegedly invalidly formed. CR6-25.

***Trial Court:*** The Honorable Jeff Shadwick, 55th District Court, Harris County, Texas, cause number 2013-14192.

***Trial Court Proceedings:*** In 2013, Crowell settled with all of the defendants, except for Starbranch. CR866-908 (App. 4). In 2015, Crowell filed her Motion for Summary Judgment on Attorneys' Fees against Starbranch. CR366-674. Subsequently, Starbranch filed a motion to dismiss Crowell's action for declaratory judgment arguing the claim was moot. 1st Supp. CR7-122.

***Trial Court's Disposition:*** The trial court did not find Starbranch liable to Crowell or declare the respective rights and interests of Crowell and Starbranch. However, the trial court did grant Crowell's Motion for Summary Judgment on Attorneys' Fees, in part, awarding attorneys' fees in the amount of $26,462.00 against Starbranch. CR917. The order became final and appealable on April 28, 2015, when the trial court entered a final judgment denying Starbranch's motion for reconsideration and motion to dismiss. CR1059-60.

**ISSUE PRESENTED**

Did the trial court err by granting Crowell's Motion for Summary Judgment on Attorneys' Fees?

A. Did the trial court err by awarding attorneys' fees when Crowell's claim for declaratory relief merely duplicated the issues set forth in her action to quiet title?

B. Did the trial court err by deciding a fact question on reasonable and necessary attorneys' fees that was reserved for the jury?

C. Did the trial court abuse its discretion by awarding fees that were neither equitable nor just?

D. Did the trial court err by granting any relief to Crowell because there were fact issues as to the amount of reasonable and necessary attorneys' fees?

E. Did the trial court abuse its discretion by considering evidence filed after the submission date and which Starbranch did not have the opportunity to controvert?

F. Did the trial court err by granting more relief than was requested in Crowell's motion?

## A. Overview

This appeal arises from Appellee Elizabeth Howard Crowell's suit to quite title and declaratory judgment action seeking the same relief. CR19-21. Crowell sued a property owners' association, its officers and directors, and all of the association members, claiming the association was not properly formed. CR6-25.

Among the defendants was Appellant Eileen K. Starbranch, who was not an officer or director but instead a mere member of the association. CR6-25. Starbranch has never been found liable for anything, and the trial court made no declarations concerning the respective rights and interests of Crowell and Starbranch. CR1040 (App. 2); CR1059-60 (App. 1). Crowell's suit to quiet title, and her duplicative declaratory judgment action, were dismissed without any finding of liability or declaration against Starbranch. CR1040 (App. 2); CR1059-60 (App. 1).

Yet the trial court, on summary judgment, ordered Starbranch to pay Crowell $26,462.00 in attorneys' fees. CR917 (App. 3). That order underlies Starbranch's appeal, and the facts germane to this appeal are as follows:

## B. The parties and their relationships

In March 2009, Crowell acquired over 25,000 square feet of property in the Jandor Gardens subdivision with the following address: 5326 Institute Lane,

Houston, Texas 77005 (hereinafter, the "Property"). CR75; 92. Crowell and all of the defendants, including Starbranch, are homeowners in the Jandor Gardens subdivision. CR7-9.

In 2012, several of the homeowners in Jandor Gardens formed a property owners' association for Jandor Gardens. CR99-124. The name of the property owners' association was the "Jandor Gardens Association, Inc.," a Texas nonprofit corporation (hereinafter, the "Association"). CR100.

To form a property owners' association, a petition committee must be formed first. Tex. Prop. Code § 204.006(a). Defendants Anna Stock, Fred Sharifi, and Wyman H. Herendeen served on the petition committee for the Association. CR154-157. Defendant Ron Whitte incorporated the Association. CR217-21. Defendants Rick Rambo, Ron Witte, and Wyman H. Herendeen served as the initial directors for the Association. CR101; 191; 218-219.

Starbranch did not serve as either an officer or a director for the Association. CR217-21. In addition, Starbranch did not serve on the petition committee for the Association. CR154-157. Instead, Starbranch was simply a member of the Association. CR755-58; 181; 211; 260; 302.

Starbranch has never asserted any interest in Crowell's Property. CR758. In fact, Starbranch has disclaimed any and all interest in Crowell's Property. CR758.

2

## C. Neighbors ask Starbranch to execute signature pages for the Association.

It was not Starbranch's idea to form the Association. CR755-58. On or about November 8, 2012, Starbranch was in her vehicle exiting her garage onto Dora Street, one of the streets in Jandor Gardens. CR756. While doing so, about four or five people claiming to be homeowners in Jandor Gardens stopped her and stated that they were forming the Association. CR756. They asked Starbranch to execute one of more signature pages in connection with the Association. CR756. Starbranch executed the signature pages presented to her. CR181; 211; 260; 302.

On or about November 18, 2012, Starbranch noticed that one or more signature pages in connection with the Association were left on her front doorstep. CR756. Starbranch picked up the document, signed where necessary, and then left the document on her front doorstep. CR756.

Starbranch did not sign two of the instruments that Crowell sought to declare as void in the trial court. Starbranch did not sign the "Notice of Formation of Petition Committee"[1] or the "Petition Pursuant to Property Code § 204.006 To Create The Jandor Gardens Association, Inc.,"[2] which were the subjects of the first and fourth declarations sought by Crowell in her later suit to quiet title and duplicative declaratory judgment action. CR20.

---

[1] CR154-57.
[2] CR100-04.

Starbranch never proposed or circulated the instruments that created the Association. CR756. In addition, Starbranch did not file any instruments in the Harris County real property records in connection with the Association. CR756. In short, Starbranch did nothing more than give her okay to the Association idea proposed by others. CR755-58.

**D. Crowell files suit.**

In her Original Petition, Crowell asserted an action to quiet title against all of the defendants, including Starbranch, wherein she alleged as follows:

> the documents filed by Defendants [including Starbranch] in the real property records (*see* Harris County Clerk File Nos. 20120521806, 20120521807, 20120521808, 201205436661, and 2012054016216) are clouds or encumbrances on Ms. Crowell's right of ownership of the Property, which affect impair Ms. Crowell's title to the Property. Ms. Crowell seeks to nullify the effect of these disputed filings and encumbrances. Ms. Crowell is entitled to a judgment that sets aside these improper filings and removes them as clouds on her title.

CR21.

Crowell sought the same the relief in her claim for declaratory relief against all of the defendants, including Starbranch. CR19-20. On April 7, 2013, a jury trial was requested and the jury fee was paid. CR56-58; 1093.

The following defendants did nothing more that than approve instruments prepared by the Association: Eileen K. Starbranch, George L. Parker, Eva K. Parker, Garret S. Madderra, Georgia W. Hitchcock, James Carper, and Eric

4

Mazziotta.  CR106-114; 167-185; 197-215; 246-264; 275-283; 293-302.  Crowell later dismissed each of these defendants, except for Starbranch, from the lawsuit. CR26-46; 59-61; 65-68; 72-74.

The Association was never Starbranch's idea, and she did not oppose the relief that Crowell sought in her action to quiet title and in her declaratory judgment action (although Starbranch did contest her liability).  CR724-810.  In fact, upon learning that Crowell wanted Starbranch to execute a Rescission of Real Property Filings in connection with the Association, Starbranch voluntarily executed the same and filed it in the real property records.  CR755-767.

### E. Termination of the Association in 2013.

On June 24, 2013, Crowell filed her Motion for Summary Judgment as to Liability against several of the defendants in this lawsuit.  CR75-344.  In her summary judgment motion, Crowell sought partial summary judgment on her action for declaratory judgment and her action to quiet title.  CR75-344; 368.

On August 19, 2013, this Court granted Crowell's Motion for Summary Judgment as to Liability against several of the defendants in the lawsuit.  CR345-346.  However, because Starbranch had not made an appearance in this lawsuit when the Motion for Summary Judgment as to Liability was filed and granted, the order granting partial summary judgment was not entered against Starbranch.

CR722-23.  Starbranch has never been found liable for anything.  CR1059-60 (App. 1).

On October 15, 2013, Crowell entered into a settlement agreement with the Association, Sarah Whiting, Ron Witte, Lawrence E. Plotsky, Rick Rambo, Frances Rambo, David D. Stock, Anna L. Stock, Wyman H. Herendeen, Mary Herendeen, Fereidoon Sharifi, Soody Sharifi, Edward G. Rizk, Billie Rizk, Benjamin Levit, Erica Levit, Walter J. Taylor, and Anita J. Taylor (the "Settling Defendants") wherein the Settling Defendants agreed to "terminate the [Association] by filing a Certificate of Termination of a Domestic Nonprofit Corporation or Cooperative Association with the Secretary of State."  CR866-908 (App. 4).  On November 20, 2013, the Settling Defendants filed the Certificate of Termination as to Jandor Gardens Association, Inc. with the Texas Secretary of State.  1st Supp. CR120-22 (App. 5).  In the settlement agreement, Crowell and the Settling Defendants also agreed as follows:

> 4. Filing of Order.
>
> The Parties acknowledge and agree that Crowell will file a certified copy of the Order signed October 8, 2013, which is attached as Exhibit C, in the real property records. The Parties acknowledge and agree that they have waived any right to appeal the Order.
>
> 5. Applicable Deed Restrictions.
>
> All Parties hereto acknowledge that the 1929 deed restrictions of Jandor Gardens, recorded in Volume 811, Pages 285-286 of the Deed

6

Records of Harris County, Texas, remain in effect, and all Parties hereto agree to comply with the deed restrictions.

CR868 (App. 4).

On December 5, 2013, Crowell filed the trial court's order, dated October 8, 2013, in the real property records for Harris County. CR790-94. Filing the trial court's October 8, 2013, order in the real property records removed the cloud of title on the Property that had been created by the Association. CR368.[3]

**F. The trial court grants Crowell's Motion for Summary Judgment on Attorneys' Fees against Starbranch.**

On February 25, 2015, Crowell filed her Motion for Summary Judgment on Attorney's Fees against Starbranch seeking $71,345.80 in attorneys' fees, incurred by Crowell between February 28, 2013, and October 1, 2014. CR366-674. In that motion, Crowell claimed that she had obtained an August 19, 2013, summary judgment order on her action to quiet title and her claim for declaratory relief against Starbranch. CR368.[4] Starbranch filed a motion for reconsideration of the summary judgment order,[5] arguing that the order could not have been against Starbranch because "[w]hen Crowell filed and served her Motion for Summary

---

[3] In her Motion for Summary Judgment on Attorneys' Fees, Crowell admitted the following: in 2013, the trial court "granted Ms. Crowell's Motion for Summary Judgment on Liability, thereby nullifying the actions of defendants' bogus POA . . . ." CR368.
[4] In her Motion for Summary Judgment on Attorneys' Fees, Crowell made the following claim: "On August 19, 2013, [the trial court] granted Ms. Crowell's Motion for Summary Judgment on Liability, thereby nullifying the actions of defendants' bogus POA, and establishing the liability of the defendants in this case with respect to certain causes of action including Ms. Crowell's action for declaratory judgment." CR368.
[5] CR675-708.

Judgment on Liability, this Court did not even have jurisdiction over Starbranch."
CR677.

On March 10, 2015, the trial court entered an order ruling as follows:

ORDERED that the August 19, 2013 Order Granting Motion for Summary Judgment did not apply to Starbranch since Starbranch was not a party at that time. The Motion for Reconsideration is MOOT.

ORDERED that the Court will consider Plaintiff's Motion for Summary Judgment as to Liability (filed 6-24-13) and its application to Starbranch by submission on March 30, 2015, along with Plaintiff's Motion for Summary Judgment on Attorneys' Fees.

CR722-23.

Crowell's Motion for Summary Judgment as to Liability, filed on June 14, 2013, sought the following five declarations concerning the respective rights and interests of Crowell and Starbranch:

1) the "Notice of Formation of Petition Committee" filed November 8, 2012 (Harris Co, Clerk File No. 20120521806) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

2) the "Petition Approval" filed November 8, 2012 (Harris County Clerk File No. 20120521807) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

3) the "Petition and First Amendment to Declaration for Jandor Gardens" filed November 8, 2012 (Harris County Clerk File No. 20120521808) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

8

4) the "Petition Pursuant to Property Code § 204.006 To Create The Jandor Gardens Association, Inc." filed November 19, 2012 (Harris County Clerk File No. 201205436661) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property; and

5) the "First Amendment to Declaration for Jandor Gardens" filed November 20, 2012 (Harris County Clerk File No. 20120540162) has no force and effect, is nullified, and is no longer a cloud on the title to, and right or ownership of, the Property.

CR88-89.

In other words, Crowell sought declarations to nullify the same five documents that she sought to nullify in her action to quiet title against Starbranch. *Compare* CR21 *with* CR88-89.

On March 23, 2015, Starbranch filed her Response to Crowell's Motion for Summary Judgment as to Liability and Crowell's Motion for Summary Judgment on Attorneys' Fees. CR724-810. Starbranch filed the Affidavit of Nelson S. Ebaugh and the Affidavit of Eileen K. Starbranch, M.D. in response to the attorneys' fee affidavit submitted by Crowell. CR755-83. Mr. Ebaugh testified that "it is unreasonable to assess $71,354.80 against Starbranch when Crowell's attorneys have spent so little time prosecuting Crowell's declaratory judgment action against Starbranch." CR771. In addition, Starbranch objected to Crowell's failure to segregate nonrecoverable fees from recoverable fees and Crowell's failure to segregate the fees owed by different parties. CR747-50.

9

On April 1, 2015, two days after the submission date for Crowell's summary judgment motions, Crowell filed a "Motion to Consider the Supplement to the Affidavit of John B. Shely Filed in Connection with the Pending Motions on Summary Judgment as to Attorneys' Fees" (hereinafter, the "Motion to Consider the Supplemental Affidavit") that raised new and independent summary-judgment grounds. CR834-63; 1st Supp. CR3-6. The Supplement to the Affidavit of John B. Shely identified $19,345.50[6] in attorneys' fees that Crowell had not requested in her Motion for Summary Judgment on Attorneys' Fees. *Compare* CR366-480 *with* CR836-63 *and* 1st Supp. CR3-6. Shely claimed that Crowell incurred $19,345.50 in attorneys' fees between November 3, 2014, and March 28, 2015. CR836-63; 1st Supp. CR3-6.

In her Motion to Consider the Supplemental Affidavit, Crowell stated that she decided to submit the Supplement to the Affidavit of John B. Shely to the trial court because:

> [It] describes additional fees incurred by Ms. Crowell in connection with the pending motions on summary judgment as to attorneys' fees and for work performed on other litigation activities related solely to Defendant Dr. Eileen K. Starbranch since November 1, 2014. These fees are not included in the pending filings.
>
> Consideration of the Supplement will allow the Court to simultaneously evaluate the most recent attorneys' fees incurred by

_____

[6] Calculated from the addition of the following amounts: $6,110.50 (November-December 2014), $5,848.00 (January-February 2015), and $7,387.00 (March 2015).

Ms. Crowell along with those previously submitted and will promote judicial efficiency in resolving matters currently before the Court.

CR834-35.

Crowell did not serve a notice identifying when the Motion to Consider the Supplemental Affidavit would be set for hearing or for submission.

On April 6, 2015, the trial court entered an interlocutory summary judgment order that neither granted nor denied Crowell's Motion for Summary Judgment as to Liability against Starbranch. CR917 (App. 3). Instead of declaring the respective rights and interests of Crowell and Starbranch, the summary judgment order simply provided as follows:

> Plaintiff Elizabeth Howard Crowell is awarded judgment for attorneys' fees in the amount of 26,462.00 [sic], from Defendant Eileen K. Starbranch. This amount reflects the unrebutted $19,245.50 set out in John Shely's April 1, 2015 affidavit and $7,116.50 awarded from the amounts requested in Crowell's February 25, 2015, motion. To the extent the full amount requested by Plaintiff was not awarded, this Court is sustaining the objections raised by Starbranch.

CR917 (App. 3).

In other words, the trial court reduced the amount of attorneys' fees initially requested on February 25, 2015, from $71,345.80 to $7,116.50. *Compare* CR371 *with* CR917 (App. 3). In addition, the trial court reduced the amount of attorneys' fees requested on April 1, 2015, from $19,345.50 to $19,245.50. *Compare* CR836-63 *and* 1ˢᵗ Supp. CR3-6 *with* CR917 (App. 3).

11

**G. The trial court grants Starbranch's motion to dismiss Crowell's action for declaratory judgment as moot.**

On April 3, 2015, Starbranch filed a motion to dismiss Crowell's claim for declaratory relief as moot because the Association was terminated in 2013 pursuant to a settlement agreement. 1st Supp. CR7-122. Crowell did not file a response to this motion. On April 22, 2015, the trial court entered an interlocutory order stating "that Plaintiff Elizabeth Howard Crowell's action for declaratory judgment that she filed against Starbranch is dismissed because the claim is <u>moot</u>." CR1040 (App. 2) (underline in original).

On April 24, 2015, Starbranch filed a motion to vacate any order or judgment previously issued and to dismiss the case for want of jurisdiction. 1st Supp. CR124-26. The trial court did not rule on this motion.

**H. Order and Final Judgment leads to this appeal.**

On April 16, 2015, Starbranch filed an amended motion for reconsideration objecting to the trial court's consideration of Crowell's late evidence filed after the submission date for Crowell's summary judgment motions. CR981-1011. In her amended motion for reconsideration, Starbranch identified her objections to Crowell's late evidence and presented affidavits controverting Crowell's late evidence. CR981-1011.

In Crowell's Response to Starbranch's Post Judgment Motions, Crowell requested the denial of Starbranch's amended motion for reconsideration and various other post-trial motions filed by Starbranch. CR1041-43. On April 28, 2015, the trial court granted Crowell's request and entered an Order and Final Judgment denying Starbranch's amended motion for reconsideration and awarded Crowell "attorneys' fees in the amount of $26,462.00 from Defendant Eileen K. Starbranch." CR1059-60 (App. 1). In its Order and Final Judgment, the trial court held as follows:

> On April 6, 2015, the Court entered an order resolving Crowell's claim for declaratory relief . . . (the "Summary Judgment Order") . . . .
>
> *    *    *
>
> On April 22, 2015, the Court entered an [o]rder . . . dismissing Crowell's claim for declaratory relief as moot because it was resolved by the Summary Judgment Order.

> CR1060 (App. 1).

The trial court never made any declaration of the respective rights and interests of Crowell and Starbranch. CR1059-60 (App. 1). Finally, the trial court made the following statement in its Order and Final Judgment:

> The Court has considered Starbranch's objections and took them into account in carefully reviewing the subject attorneys' fees. The Court eliminated requested fees that were not segregated or were related solely to parties other than Starbranch. Fees were awarded only for causes of action which support attorneys' fees.

13

CR1059 (App. 1).

## SUMMARY OF ARGUMENT

Crowell misused the Declaratory Judgments Act by duplicating the relief she already sought in her action to quiet title in a claim for declaratory relief. Crowell violated the rule that a party cannot use the Declaratory Judgments Act as a vehicle to obtain otherwise impermissible attorneys' fees. Consequently, the judgment must be reversed and a take-nothing judgment rendered. For several other independent reasons, the trial court erred or abused its discretion by awarding attorneys' fees against Starbranch.

The trial court improperly usurped the jury's fact-finding role during a summary-judgment proceeding. For instance, the trial court unilaterally reduced the amount of attorneys' fees initially requested in Crowell's motion for summary judgment on attorneys' fees from $71,345.80 to $7,116.50. Accordingly, the attorneys' fee award should be reversed and the case should be remanded to the trial court for further proceedings.

The trial court abused its discretion by awarding attorneys' fees that were neither equitable nor just. The trial court awarded attorneys' fees under the Declaratory Judgments Act before it even declared the representative rights and interests of Crowell and Starbranch. In addition, Starbranch was not even a proper party to Crowell's declaratory judgment action. Finally, there is no evidence that

14

Starbranch prolonged the case or prevented a complete and final resolution to this case. For each of these independent reasons, the attorneys' fee award should be reversed and a take nothing judgment rendered or, in the alternative, remanded to the trial court for further proceedings.

The trial court improperly issued a summary judgment even though the summary judgment evidence raised several genuine issues of material fact. The Ebaugh Affidavit and the Starbranch Affidavit each raised genuine issues of material fact. In addition, genuine issues of material fact necessarily existed because the trial court sustained Starbranch's objections to Crowell's failure to segregate her attorneys' fees. Finally, Crowell's own evidence established the existence of genuine issues of material fact. For each of these independent reasons, the attorneys' fee award should be reversed and the case should be remanded to the trial court for further proceedings.

The trial court abused its discretion by considering evidence filed after the submission date and which Starbranch did not have the opportunity to controvert. Two days after the submission date on her Motion for Summary Judgment on Attorneys' Fees, Crowell filed new evidence supporting a ground for summary judgment that had not been sought in Crowell's initial summary judgment motion. Because the motion was not supported by good cause and the new evidence unduly

prejudiced Starbranch, the attorneys' fee award should be reversed and the case should be remanded to the trial court for further proceedings.

The trial court improperly awarded more relief than was requested in Crowell's Motion for Summary Judgment on Attorneys' Fees. The new evidence submitted by Crowell two days after the submission date for the summary judgment motion entailed an independent ground for summary judgment that had not been sought in Crowell's summary judgment motion. Accordingly, this Court should reverse and remand as to the attorneys' fees which were never specifically requested in Crowell's summary judgment motion.

## ARGUMENT

This Court reviews a grant of summary judgment under a *de novo* standard. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Questions of law are reviewed "without deference to a lower court's conclusion." *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996). "When reviewing a summary judgment, [this Court] 'must examine the *entire record* in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.'" *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007) (italics in original).

For several independent reasons, the trial court erred by granting Crowell's Motion for Summary Judgment on Attorneys' Fees. First, the Declaratory

16

Judgments Act cannot be used as a vehicle to obtain otherwise impermissible attorneys' fees. Second, the trial court improperly usurped the jury's fact-finding role during a summary-judgment proceeding. Third, the summary judgment evidence raised genuine issues of material fact. Fourth, the trial court granted Crowell more relief than was requested in her Motion for Summary Judgment on Attorneys' Fees.

In addition, for at least a couple of independent reasons, the trial court abused its discretion by granting Crowell's Motion for Summary Judgment on Attorneys' Fees. First, the trial court abused its discretion by awarding attorneys' fees against Starbranch under circumstances that were neither equitable nor just. Second, the trial court abused its discretion by considering evidence filed after the submission date and which Starbranch did not have the opportunity to controvert.

## A. The Declaratory Judgments Act cannot be used as a vehicle to obtain otherwise impermissible attorneys' fees.

Crowell has misused the Declaratory Judgments Act. Crowell duplicated the relief she already sought in her action to quiet title via declaration. Thus, any award of attorneys' fees for Crowell's declaratory judgment action violates the rule that "a party cannot use the [Declaratory Judgments Act] as a vehicle to obtain otherwise impermissible attorney's fees." *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009).

17

As the Texas Supreme Court has explained, "[i]f repleading a claim as a declaratory judgment could justify a fee award, attorney's fees would be available for all parties in all cases. That would repeal not only the American Rule [prohibiting fee awards unless specifically provided by contract or statute] but also the limits imposed on fee awards in other statutes." *Id.* For these reasons, "[a] declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute or to settle disputes already pending before a court." *Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 956 (Tex. App.–Houston [1st Dist.] 1998, pet. denied).

The phrases "action to quiet title" and "suit to quiet title" are used interchangeably and refer to the same claim. *E.g., U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *2-3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.). "[T]he term 'suit to quiet title' has been used broadly in reference to legal disputes regarding (1) title to, and possession of, real property—a trespass-to-try-title action, and (2) validity of other 'clouds' which indirectly have an adverse effect on an undisputed owner's title to real property." *Parker v. Hunegnaw*, 364 S.W.3d 398, 402 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In other words, an action to quiet title and an action to

remove a cloud on title are one and the same.[7]  "[A] suit . . . to remove encumbrances, or remove a cloud or quiet title may be maintained even though the adversary is not actually occupying or in possession of the land." *Texan Dev. Co. v. Hodges*, 237 S.W.2d 436, 439 (Tex. Civ. App.—Amarillo 1951, no writ).  In fact, an action to quiet title may be asserted, as done so by Crowell in this case, where any instrument[8] "would cast a cloud on the owner's enjoyment of the property." *Mortg. Elec. Registration Sys., Inc. v. Groves*, No. 14–10–00090–CV, 2011 WL 1364070, at *3 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, pet. denied) (mem. op.).  Attorneys' fees are not recoverable in an action to quiet title. *Sw. Guar. Trust Co.*, 981 S.W.2d at 957.

Here, an examination of the pleadings reveals that Crowell's declaratory-judgment action duplicated her action to quiet title.  Crowell sought a declaration that five documents filed in connection with the property owners' association have "no force and effect," are "nullified" and are "no longer a cloud on Ms. Crowell's title to, and right of ownership of, the Property . . . ." CR19-20.  In her action to quiet title, Crowell alleged as follows:

---

[7] Lonnie E. Griffith, Jr., J.D., 74 C.J.S. *Quieting Title* § 3 (April 2015) (Texas does "not observe the distinction between an action to quiet title and to remove a cloud on title, treating the actions as one and the same").

[8] *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." . . . "Any deed, contract, judgment or other instrument not void on its face that purports to convey an interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner.").

19

the [five] documents filed by Defendants in the real property records (*see* Harris County Clerk File Nos. 20120521806, 20120521807, 20120521808, 201205436661, and 2012054016216) are clouds or encumbrances on Ms. Crowell's right of ownership of the Property, which affect or impair Ms. Crowell's title to the Property. Ms. Crowell seeks to nullify the effect of these disputed filings and encumbrances. Ms. Crowell is entitled to a judgment that sets aside these improper filings and removes them as clouds on her title.

CR21.

In other words, Crowell sought the same relief in her claim for declaratory relief that she sought in her action to quiet title. CR19-21. Because Crowell's claim for declaratory relief merely duplicated the issues set forth in her action to quiet title, Crowell is not entitled to attorney's fees based on her claim for declaratory relief. *Wise v. Conklin*, No. 01–13–00840–CV, 2015 WL 1778612, at *8 (Tex. App.— Houston [1st Dist.] Apr. 16, 2015, no pet.) (mem. op.) (collecting cases and affirming the trial court's denial of Crowell's claim for attorneys' fees because the UDJA could not be used to recover attorney's fees for a suit brought to remove cloud from title); *Sw. Guar. Trust Co.*, 981 S.W.2d at 956 ("Attorney's fees are not available in a suit to quiet title or to remove cloud on title.").

In addition, in her claim for declaratory relief, Crowell did not seek to construe any terms of the instruments filed by the Association. CR19-21. Consequently, Crowell's declaratory judgment action could offer her no more relief than her action to quiet title.

20

For these reasons, this Court should reverse the portion of the trial court's judgment awarding attorneys' fees to Crowell and render judgment that Crowell take nothing on her requests for attorneys' fees. *Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S. W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("There is no basis for declaratory relief when a party is seeking in the same action a different, enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment for the enforceable remedy."); *Sw. Guar. Trust*, 981 S.W.2d at 956. (denying request for attorneys' fees where the declaratory judgment action simply sought to nullify the clouds of title rather than to construe the terms of the challenged instruments). Because Crowell only obtained attorneys' fees from Starbranch, and Crowell cannot recover attorneys' fees under her claim for declaratory relief as a matter of law, the judgment must be reversed and a take-nothing judgment rendered.

### B. The trial court improperly usurped the jury's fact-finding role during a summary-judgment proceeding.

"Pursuant to Section 37.009, the judge is to determine whether an award of attorney's fees is equitable and just; however, even when declaratory relief has been determined by summary judgment, the issue of whether attorney's fees are reasonable and necessary is a question of fact for the jury to determine when the jury is the trier of fact." *Fuqua v. Oncor Elec. Delivery Co.*, 315 S.W.3d 552, 559-

60 (Tex. App.—Eastland 2010, pet. denied) (citing *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367 (Tex.2000); *Bocquet*, 972 S.W.2d 19, 20–21 (Tex. 1998)).

On April 7, 2013, defendants Anita J. Taylor and Walter J. Taylor requested a jury trial in this case and the jury fee was paid. CR56-58; 1093. "A jury request by one party inures to the benefit of all other parties."[9] Consequently, Starbranch always had a right to a jury trial in this case. Starbranch never waived her right to a jury trial in this case.

Here, Crowell submitted an affidavit stating that $71,354.80 was a reasonable amount for the legal services rendered as of February 24, 2015. CR386-468. Starbranch submitted an opposing affidavit in which her attorney opined that "it is unreasonable to assess $71,354.80 against Starbranch when Crowell's attorneys have spent so little time prosecuting Crowell's declaratory judgment action against Starbranch." CR771.

In its Order and Final Judgment, the trial court stated that it had partially granted Crowell's Motion for Summary Judgment on Attorneys' Fees on April 6, 2015, and further stated in relevant part as follows:

---

[9] Judge Adele Hedges & Daniel K. Hedges, *Involuntary bench trial—No request for a jury trial—Request binding all parties*, 2 TEX. PRAC. GUIDE CIVIL TRIAL § 14:25 (Thomson Reuters 2014) ("A jury request by one party inures to the benefit of all other parties. *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex. Civ. App.—Dallas 1963, no writ). The inquiry is simply whether one party made a proper jury request, not which party made it. *Almaguer v. Jenkins*, 882 S.W.2d 903, 904 (Tex. App.—Corpus Christi 1994, no writ) (jury request and fee payment inure to benefit all parties).").

22

> The Court eliminated requested fees that were not segregated or were related solely to parties other than Starbranch. Fees were awarded only for causes of action which support attorneys' fees.

CR1059 (App. 1).

In other words, the trial court inappropriately engaged in fact finding when it decided a fact dispute about the amount of attorneys' fees, if any. *General Elec. Supply Co. v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 601 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("Cases dealing with the fixing of attorneys' fees by the trial judge when acting as the trier of fact have no application to a summary judgment proceeding."). In addition, the trial court inappropriately engaged in fact finding when it decided to award Crowell $19,245.50 of the $19,345.50 initially sought by Crowell in her Motion to Consider the Supplemental Affidavit. *Compare* CR836-63 *and* 1st Supp. CR3-6 *with* CR917 (App. 3). In a declaratory judgment action, the jury, not the judge, decides the amount of attorneys' fees. *Bocquet*, 972 S.W.2d at 21.

Because the Order and Final Judgment specifies the grounds on which the court bases summary judgment, this Court should limit its review to those grounds. *Pentico v. Mad-Wayler, Inc.*, 964 S.W.2d 708, 712-13 (Tex. App.—Corpus Christi 1998, pet. denied) ("Where the summary judgment order specifies the grounds on which it bases summary judgment, we limit our review to those grounds. The summary judgment will be affirmed on appeal if the specified grounds are

23

meritorious. Even if the motion contained other independent grounds on which summary judgment was sought, the grounds specified in the order are the only ones on which summary judgment may be affirmed.") (citations omitted).

Significantly, "[a] trial court is . . . not permitted to take judicial notice of reasonable and necessary fees under the Declaratory Judgments Act." *Adiuku v. Ikemenefuna ex rel. Ada Mbaise Ass'n of Houston*, No. 14–13–00722–CV, 2015 WL 778487, at *12 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.) ("There is no presumption that a request for attorney's fees under the Declaratory Judgments Act is reasonable."). Again, only a jury, not the judge, could decide the amount of attorneys' fees in this case.

In *McGlown v. Ashford Park Homeowners Association, Inc.*, No. 01-08-00619-CV, 2009 WL 1635310 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (mem. op.), this Court held that the trial court's reduction of the attorney's fees awarded in a summary judgment proceeding "reflect[ed] that the trial court was duly concerned about the issue [of attorney's fees], but the court was not authorized to make a fact finding at this stage." *Id.* at *4. "[C]ontroverting evidence before the trial court bar[red] summary judgment on the Association's attorney's fees claim." *Id.* For these reasons, this Court reversed the trial court's summary judgment on the attorney's fee award and remanded the case for trial. *Id.*

24

As in *McGlown*, the trial court below was not authorized to engage in fact finding at the summary judgment stage.

> The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method for summarily ending a case involving only a question of law and no genuine fact issues. *See Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The trial court must determine whether fact issues exist, not weigh the evidence or its credibility and try the case on affidavits. *Gulbenkian*, 252 S.W.2d at 931.
>
> *Thompson v. Community Health Inv. Corp.*, 892 S.W.2d 440, 441-42 (Tex. App.—Dallas 1995), *rev'd on other grounds*, 923 S.W.2d 569 (Tex. 1996).

For these reasons, the amount of Crowell's reasonable attorneys' fee is still a factual issue to be tried. Accordingly, the attorneys' fee award should be reversed and the case should be remanded to the trial court for further proceedings.

## C. The attorneys' fees are neither equitable nor just.

In a declaratory judgment action, the trial "court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. Though a question of law, the determination of whether attorneys' fees are equitable and just under the Texas Declaratory Judgment Act is reviewed for an abuse of discretion. *Bocquet,* 972 S.W.2d at 20-21. "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). In addition, "[i]t is an abuse of discretion for a trial court to rule . . . without

25

supporting evidence." *Bocquet,* 972 S.W.2d at 21. "[I]n reviewing an attorney fee award under the [Declaratory Judgments] Act, the court of appeals must determine whether the trial court abused its discretion by awarding fees . . . when the award was inequitable or unjust." *Id.* at 21; *State & Cnty. Mut. Fire Ins. Co. ex rel. S. United Gen. Agency of Tex. v. Walker,* 228 S.W.3d 404, 407 (Tex. App.—Fort Worth 2007, no pet.) ("A court of appeals will determine that the trial court abused its discretion in granting attorney's fees in a declaratory judgment action if 'the award was inequitable or unjust as a matter of law.'").

For at least three independent reasons, the trial court abused its discretion by awarding fees that were not equitable and just. First, the trial court awarded attorneys' fees before it even made any declarations between Crowell and Starbranch or determined that Starbranch had any liability at all. Second, Starbranch was not even a proper party to Crowell's claim for declaratory relief. Third, despite Crowell's bald claim to the contrary, Starbranch did not prevent a complete and final resolution to this case.

**1. The trial court awarded attorneys' fees before it even declared the respective rights and interests of Crowell and Starbranch.**

"Only after the trial court declares the parties' rights under the Uniform Declaratory Judgments Act, [should the trial court address] whether the evidence is factually sufficient to support a finding that the fees are reasonable and necessary

26

and determine if the award is equitable and just." *VICC Homeowners' Ass'n v. Los Campeones, Inc.*, 143 S.W.3d 832, 839-40 (Tex. App.—Corpus Christi 2004, no pet.) (Castillo, J., concurring). In support of this holding, Justice Castillo reasoned as follows:

> A claim for attorney fees under the Uniform Declaratory Judgments Act is not severable from the merits of the declaratory judgment action itself. *See Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 880 (Tex. App.—Austin 2002, no pet.). "'That a suit for the statutory attorney's fees as a separate action could not be maintained is evident from the wording of the statute . . . . The attorney's fees, while not costs, partake of the nature of the costs of suit and are assessed in accordance with the judgment' reached in the proceeding." *Dalisa, Inc.*, 81 S.W.3d at 881 (quoting *Huff v. Fidelity Union Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 501 (1958)). I conclude that the reasonableness, necessity, equitableness, and justness of an award of attorney fees in a declaratory judgment action necessarily are related to the trial court's declaration of the rights of the parties. I would hold that an award of attorney fees in this case must abide the declaration itself.

*Id*. at 839.

Here, the trial court awarded attorneys' fees before it even declared the respective rights and interests of Crowell and Starbranch. "The purpose of the [Declaratory Judgments] Act is to provide a procedural device whereby litigants can obtain a judicial determination of a controversy." *Kennesaw Life & Accident Ins. Co. v. Goss*, 694 S.W.2d 115, 117 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) The Act is not a "vehicle to recover attorney's fees." *City of Carrollton v. RIHR Inc.*, 308 S.W.3d 444, 454–55 (Tex. App.—Dallas 2010, pet.

denied). In fact, "fees are not permissible under § 37.009 where [the declaration is sought] solely for the purpose of obtaining attorney's fees." *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 69 (Tex. App.—Houston [14th Dist.] 2014, no pet. h.).

Because an attorneys' fee award is merely ancillary to a declaration under the Act, and an attorney fee award is "not severable from the merits of the declaratory judgment action itself," it is inequitable and unjust as a matter of law to award attorneys' fees under the Act until a declaration of the rights of the parties has been made. *Cf. Crown Asset Mgmt., LLC v. Short*, No. 01-08-00042-CV, 2009 WL 1025729, at *4 (Tex. App.—Houston [1st Dist .] 2009, no pet.) (mem. op.) ("In the instant case, the trial court's award of attorney's fees to Short for his declaratory judgment action was inequitable and unjust because . . . Short produced no evidence to support his claim for declaratory judgment."). To hold otherwise would turn the American Rule, prohibiting fee awards unless specifically provided by contract or statute, on its head. It also would put the cart before the horse by allowing a party to recover attorneys' fees without the court first determining liability.

For these reasons, the award of attorneys' fees was neither equitable nor just and the trial court abused its discretion in making the award. Accordingly, the

28

attorneys' fee award should be reversed and the case should be remanded to the trial court for further proceedings.

**2. It is inequitable and unjust to award attorneys' fees against a person who was not even a proper party to the declaratory judgment action.**

Because Starbranch raised a fact issue on her defense that she has never been a proper party in this case, it was inequitable and unjust as a matter of law for the trial court to assess attorneys' fees against Starbranch. If anything, the trial court should have awarded attorneys' fees against Crowell for unnecessarily joining Starbranch as a party in this lawsuit, "causing her to incur fees that she otherwise would not have had to incur." *E.g. State and Cty. Mut. Fire Ins. Co.*, 228 S.W.3d at 411 (holing it was just and equitable to award attorneys' fees to a party that was unnecessarily joined in a declaratory judgment action).

In her response to Crowell's Motion for Summary Judgment on Liability, Starbranch asserted that she was not a proper party to Crowell's declaratory judgment action. CR740-43. Significantly, Crowell's evidence did not identify Starbranch as either an officer or a board member of the Association. CR 217-21. Crowell's evidence demonstrated that Starbranch was nothing more than a member of the Association. CR 181; 211; 260; 302. Consequently, Crowell's own summary-judgment evidence raised a fact issue as to whether Starbranch was a proper party to the declaratory judgment action. Starbranch also produced

summary-judgment evidence that raised a fact issue as to whether she was a proper party to Plaintiff's declaratory judgment action. CR755-62.

A property owners association, its officers, and board members are proper parties to a landowner's claim for declaratory relief. Tex. Bus. Orgs. Code §§ 22.221 and 22.235. However, "[t]he members of a [nonprofit] corporation are not personally liable for a debt, liability, or obligation of the corporation." Tex. Bus. Orgs. Code § 22.152. To show that she was not a proper party, Starbranch explained in her response to Crowell's summary judgment motions that she was nothing more than a member of the Association and that she had never asserted an interest in the Property. CR 740-743.

In sum, it is undisputed that the Association was a nonprofit corporation. CR 100. It is undisputed that Starbranch was neither an officer nor a board member for the property owners' association. CR 217-21. Starbranch testified that she had never asserted any interest in Crowell's Property. CR 758. In fact, Starbranch disclaimed any and all interest in Crowell's Property. CR 758. Under these facts, Section 22.152 shielded Starbranch from personal liability arising out of her participation as a member in the Association. *Cf. Reiner v. Ehrlich*, 66 A.3d 1132, 1143 (Md. Ct. Spec. App. 2013) (affirming dismissal of Plaintiff's declaratory judgment action against individual homeowners due to homeowners' immunity from liability under Md. Code Ann., Cts. & Jud. Proc. § 5-422); 65 Am.

30

JUR. 2d *Quieting Title* § 63 (Database updated May 2015) ("An action to quiet title lies against those who, at the time it is instituted, are the present claimants to the land under the instruments that creates the cloud.").

In *Reiner*, a married couple sought declaratory relief not only against the homeowners association but also against sixteen individual homeowners in the community. *Reiner* , 66 A.3d. at 1134-35.  The trial court dismissed the plaintiffs' claim for declaratory relief against the individual homeowners because under Maryland law the homeowners were immune from liability as long as they were acting within the scope of their duties under the homeowners' association. *Id.* at 1143.  Under Texas law, Starbranch is similarly shielded from personal liability arising out of her participation as a member in the Association at issue in this case. Tex. Bus. Orgs. Code § 22.152.

This conclusion is supported by Crowell's decision to dismiss defendants that were similarly situated to Starbranch.  Like Starbranch, the following defendants did nothing more that than approve instruments prepared by the petition committee or another representative of the Association: George L. Parker, Eva K. Parker, Garret S. Madderra, Georgia W. Hitchcock, James Carper, and Eric Mazziotta.  CR106-114; 167-185; 197-215; 246-264; 275-283; 293-302.  Crowell dismissed each of these defendants from the lawsuit, and none paid any attorneys' fees.   CR26-46; 59-61; 65-68; 72-74.  When Crowell dismissed these defendants

before obtaining any judgment in the lawsuit, Crowell knew that they were not proper parties to a declaratory judgment action.

In addition, it is important to note that Starbranch did not even sign two of the instruments that Crowell sought to declare as void. It is undisputed that Starbranch did not sign the "Notice of Formation of Petition Committee"[10] or the "Petition Pursuant to Property Code § 204.006 To Create The Jandor Gardens Association, Inc.,"[11] which are the subjects of the first and fourth declarations sought in Crowell's Motion for Summary Judgment on Liability. CR20. Consequently, even if she was not shielded from liability under the Texas Business Organizations Code, Starbranch could not have been a proper party to the first and fourth declarations sought against her. After all, there can be no controversy between Crowell and Starbranch in connection with documents that Starbranch did not even sign. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) ("To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute.").

Viewed in the light most favorable to Starbranch, the evidence demonstrated that Starbranch was not a proper party to the declaratory judgment action or suit to quiet title. *Cf. Kennesaw Life & Accident Ins. Co*, 694 S.W.2d at 118 (holding that

---

[10] CR154-57.
[11] CR100-04.

declaratory judgment was inappropriate against a party in an action to remove a cloud on plaintiff's title to real property, even though the party may have played a role in creating the cloud, because the party had disclaimed any interest in the property and was not in possession of the property). Consequently, if a take-nothing judgment is not rendered, this Court should reverse the trial court's judgment awarding attorneys' fees to Crowell and remand for trial.

### 3. There is no evidence that Starbranch prolonged the case or prevented a complete and final resolution to this case.

The only evidence presented to the trial court regarding whether it was equitable or just to assess attorney's fees against Starbranch was the conclusory and self-serving affidavit testimony of Crowell's lead attorney, John B. Shely. CR 386-389.

Shely testified "[f]inal resolution of the suit . . . has been drawn out by the failure of Starbranch to file an answer for over fourteen months, despite being served with process, and by her failure to rescind her signature to various documents at issue in the case." CR 389. Nowhere does Shely testify how or why final resolution of the suit depended upon Starbranch's appearance in this lawsuit or rescission of her signatures. In fact, final resolution of the suit did not depend upon whether Starbranch appeared in this suit or rescinded her signatures; it depended on settlement with the proper parties to the case.

33

Before Starbranch even made an appearance in this suit, Crowell had already obtained all the relief that she sought through her suit to quiet title and her duplicative declaratory judgment action. CR345-46. In 2013, Crowell entered into a global settlement with the Association, its officers and directors. CR866-908 (App. 4). The global settlement agreement removed all clouds of title and terminated the Association. CR866-908 (App. 4). In other words, Crowell's claim for declaratory relief was completely resolved in 2013 prior to Starbranch's appearance. CR866-908 (App. 4); 1st Supp. CR 119-22; CR 790-94.

Moreover, as explained above, Starbranch has never been a proper party to this lawsuit. *See* Argument C(2). Consequently, despite Crowell's claim to the contrary, Starbranch could not have prolonged the case or "prevent[ed] a complete and final resolution to this case." CR371. For these reasons, Shely's testimony is conclusory and therefore not competent summary judgment evidence. *Texas Division-Tranter v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) (holding conclusory statements in support of a motion for summary judgment are "not competent summary judgment evidence").

An affidavit is conclusory if it states a conclusion "without any explanation" or asks the fact-finder to "take my word for it." *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A Ltd.*, 249 S.W.3d 380, 389 (Tex. 2008); *see also* BLACK'S LAW DICTIONARY 308 (9th ed. 2009) (defining "conclusory" as "[e]xpressing a

34

factual inference without stating the underlying facts on which the inference is based").

> A conclusory statement does not provide the underlying facts to support the conclusion. *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). A conclusory statement may set forth an unsupported legal conclusion or unsupported factual conclusion. *S & I Mgmt., Inc. v. Sungju Choi*, 331 S.W.3d 849, 856 (Tex. App.–Dallas 2011, no pet.); *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 242 (Tex. App.—Waco 2003, no pet.). Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted. *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam). Objections that statements in an affidavit are conclusory assert defects of substance, which may be raised on appeal for the first time. *S & Mgmt., Inc.*, 331 S.W.3d at 856; *Rockwall Commons Assocs., Ltd.*, 331 S.W.3d at 507.
>
> *Pipkin v. Kroger Texas, L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

Simply put, Crowell offered no competent evidence to establish it was equitable or just to assess attorneys' fees against Starbranch.

Crowell offered no other grounds for supporting her claim that attorneys' fees against Starbranch were just and equitable. Because there is no evidence that Starbranch prolonged the case or prevented a complete and final resolution to this case, it was inequitable and unjust as a matter of law for the district court to assess attorneys' fees against Starbranch. *Bocquet*, 972 S.W.2d at 21 ("It is an abuse of discretion for a trial court to rule . . . without supporting evidence."); *Crown Asset Mgmt., LLC*, 2009 WL 1025729, at *4 ("In the instant case, the trial court's award

35

of attorney's fees to Short for his declaratory judgment action was inequitable and unjust because . . . Short produced no evidence to support his claim for declaratory judgment."). Accordingly, the attorneys' fee award should be reversed and a take nothing judgment rendered or, in the alternative, remanded to the trial court for further proceedings.

**D. The summary judgment evidence raised genuine issues of material fact.**

"The award of attorney's fees in a summary judgment is improper unless the evidence of the reasonableness of those fees is uncontroverted." *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 528 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Because Starbranch introduced the affidavit of Nelson S. Ebaugh[12] and the affidavit of Eileen K. Starbranch[13] in response to Crowell's motion for summary judgment on attorneys' fees, Starbranch created genuine issues of fact regarding the reasonableness of the fees that precluded the granting of summary judgment under Tex. R. Civ. P. 166a(c). *Jay Petroleum, L.L.C. v. EOG Res., Inc.*, 332 S.W.3d 534, 542-43 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding it was improper to award attorneys' fees in partial summary judgment because appellant raised a fact issue by submitting a controverting affidavit from its attorney); *General Elec. Supply Co.*, 857 S.W.2d at 601 ("The only authority we find permitting the award of attorneys' fees on a summary judgment does not apply

---

[12] CR 769-94
[13] CR 755-62

36

unless the evidence of the reasonableness of those fees is uncontroverted; it does not apply when, as here, conflicting affidavits from opposing attorneys are presented.") (collecting cases).

For several independent reasons, the summary judgment evidence raised genuine issues of material fact as to whether the attorneys' fees were reasonable and necessary. First, the Affidavit of Nelson S. Ebaugh controverted Crowell's summary judgment evidence. Second, the Affidavit of Eileen K. Starbranch controverted Crowell's summary judgment evidence. Third, Crowell's own evidence established the existence of genuine issues of material fact on her claim for attorneys' fees.

### 1. The Affidavit of Nelson S. Ebaugh raised genuine issues of material fact.

"As a general rule, the party seeking to recover attorney's fees carries the burden of proof." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). "Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit." *Id.* Whether an award of attorneys' fees is reasonable and necessary is a fact question. *Bocquet,* 972 S.W.2d at 21 (interpreting the Declaratory Judgments Act to allow a jury, not the trial court, to determine the amount of "reasonable and necessary" attorney's fees).

37

In the Affidavit of John B. Shely, Shely testified that $71,354.80 was "a reasonable fee for the work which has been performed by Andrews Kurth in this matter as of the date of this affidavit . . . ." CR387. Starbranch controverted this opinion with the Affidavit of Nelson S. Ebaugh. Ebaugh testified as follows:

> [I]t is my opinion that the amount of $71,354.80 sought by Crowell against Starbranch is unreasonable because Crowell has only served one request for disclosure on Starbranch, has only served one request for production on Starbranch, has not taken any depositions in this case, and has not filed any discovery motions against Starbranch in this case. Under the circumstances, it is unreasonable to assess $71,354.80 against Starbranch when Crowell's attorneys have spent so little time prosecuting Crowell's declaratory judgment action against Starbranch.

> CR 771.

Consequently, the Ebaugh Affidavit raised a genuine issue of material fact as to whether $71,354.80 was a reasonable and necessary fee for the prosecution of Crowell's claim for declaratory relief against Starbranch. *Engel v. Pettit*, 713 S.W.2d 770, 771-73 (Tex. App.—Houston [14th Dist.] 1986, no writ) (holding that trial court erred in granting summary judgment because of fact issue raised by attorney's fees affidavit of nonmovant). The remainder of Ebaugh's affidavit created additional genuine issues of material fact. For instance, paragraphs four and five of the Ebaugh Affidavit also controverted Shely's opinion that $71,354.80 was "a reasonable fee for the work which has been performed by Andrews Kurth in this matter as of the date of this affidavit . . . ." CR770-771; 387. Because the

38

evidence was sufficient to raise genuine issues of material fact, the trial court erred in granting summary judgment in favor of Crowell.

## 2. The Affidavit of Eileen K. Starbranch raised genuine issues of material fact.

In the Affidavit of John B. Shely, Shely testified as follows:

> Starbranch was served with the correspondence attached as Exhibit 4-E contemporaneously when the lawsuit was served on her. She did not respond to me regarding Exhibit 4-E nor did she rescind her signature to the documents in issue.

CR389.

In her affidavit, Starbranch contradicted this statement by testifying as follows:

> In his affidavit attached to Crowell's Motion for Summary Judgment on Attorneys' Fees as Exhibit 4, John B. Shely claims that, on July 1, 2013, I was served with a letter and its enclosure entitled 'Rescission of Real Property Filings.' However, I did not receive this letter inviting me to execute the 'Rescission of Real Property Filings' when Mr. Shely claimed it was served upon me. The first time that I saw the letter and its enclosure was as an attachment to Crowell's Motion for Summary Judgment on Attorneys' Fees as Exhibit 4-E.

CR758.

Consequently, the Starbranch Affidavit raised a genuine issue of material fact as to whether Starbranch had ever been served with Exhibit 4-E[14], a letter and its enclosure entitled 'Rescission of Real Property Filings,' before February 25, 2015. Because the evidence was sufficient to raise a genuine issue of material fact, as to

---

[14] CR 475-79.

39

whether Starbranch prolonged the litigation, the trial court erred in granting summary judgment in favor of Crowell.

### 3. Genuine issues of material fact necessarily existed because the trial court sustained Starbranch's objection to Crowell's failure to segregate.

"A party seeking to recover attorney's fees has the burden to show that the fees were reasonable and necessary which, among other things, requires the party to show the fees were incurred on a claim that allows recovery of such fees." *Goldman v. Olmstead*, 414 S.W.3d 346, 367 (Tex. App.—Dallas 2013, pet. denied). The trial court sustained Starbranch's objections to Crowell's failure to segregate nonrecoverable fees from recoverable fees and Crowell's failure to segregate the fees owed by different parties. CR 917. Consequently, as acknowledged by the trial court, there was a genuine issue of material fact as to how much of the attorneys' fees, if any, incurred by Crowell should have been apportioned to her claim for declaratory relief against Starbranch.

"[T]he need to segregate attorney's fees is a question of law, while the extent to which certain claims can or cannot be segregated is a mixed question of law and fact." *Ca Partners v. Spears*, 274 S.W.3d 51, 81 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 312-13 (Tex.2006)). Once the trial court has decided that attorneys' fees need to be segregated, only under limited circumstances may the trial court

participate in the segregation of attorneys' fees. *Chapa*, 212 S.W.3d at 341. For example, a court may decide as a matter of law whether overcoming an affirmative defense was necessary to prevail on a claim under which attorneys' fees are recoverable. *Id*. However, "when . . . it cannot be denied that at least some of the attorney's fees are attributable only to claims for which fees are not recoverable, segregation of fees ought to be required and the jury ought to decide the rest." *Id*. Because some of the attorneys' fees that Crowell sought were "attributable only to claims for which fees are not recoverable," Starbranch was entitled to have a jury, not the trial court, segregate Crowell's attorneys' fees.

In sum, as acknowledged by the trial court, the summary judgment evidence raised a genuine issue of material fact as to whether the attorneys' fees sought were appropriately segregated. Accordingly, the attorneys' fees award should be reversed and remanded to the trial court for a jury, not the judge, to segregate the attorneys' fees. *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 523 (Tex. App.—Fort Worth 2009, no pet.) ("remand is required to calculate the segregated award").

**4. Crowell's own evidence established the existence of genuine issues of material fact.**

Crowell presented contradictory evidence as to the amount of reasonable and necessary attorneys' fees incurred by her. First, Crowell introduced the Affidavit of John B. Shely wherein Shely testified as follows:

> In my opinion, a sum equal to $71,354.80 is a reasonable fee for the work which has been performed by Andrews Kurth in this matter as of the date of this affidavit [February 24, 2015].

CR387.

In other words, Shely claimed that $71,354.80 was a reasonable and necessary fee for representing Crowell from February 28, 2013, through February 24, 2015. Then, Crowell introduced the Supplement to the Affidavit of John B. Shely wherein Shely claimed that reasonable and necessary attorneys' fees incurred by Crowell from November 3, 2014, through March 28, 2015, amounted to $19,345.50. 1st Supp. CR3-6. These two affidavits were inconsistent with one another because they each identified a different amount for the allegedly reasonable and necessary attorneys' fees incurred between November 3, 2014, and February 24, 2015. *Armbruster v. Memorial Southwest Hosp.*, 857 S.W.2d 938, 941 (Tex. App.—Houston [1st Dist.] 1993, no writ) ("The movant's own evidence may establish the existence of a genuine issue of material fact . . . ."). Given the conflicting evidence presented by Crowell on the amount of her reasonable and

necessary attorney's fees between November 3, 2014, and February 24, 2015, there are genuine issues of material fact as to the amount of her reasonable and necessary attorneys' fees.

### E. The trial court abused its discretion by considering evidence filed after the submission date and which Starbranch did not have the opportunity to controvert.

A trial court's decision to allow evidence to be filed after the submission date on a motion for summary judgment and before summary judgment is rendered is reviewed for an abuse of discretion. *Beavers v. Goose Creek Consol. I.S.D.*, 884 S.W.2d 932, 935 (Tex. App.—Waco, 1994, writ denied). Late-filed summary judgment evidence may be considered by the trial court only upon a showing of (1) good cause, and (2) no undue prejudice. *Caldwell v. Carrollton Air Conditioning, Inc.*, No. 07-05-0241-CV, 2007 WL 2390425, at *6 (Tex. App.—Amarillo Aug. 22, 2007, pet. denied) (mem. op.) (citing *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex.2005)); *see also Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex.2002) ("Our rules . . . provide that a trial court may permit an act to be done after a period prescribed in other procedural rules upon a showing of 'good cause.' Tex. R. Civ. P. 5."). "Good cause exists when a failure was the result of accident or mistake and not intentional or the result of conscious indifference." *Id*. "Undue prejudice depends on whether allowing late submission will delay trial or significantly hamper the opposing party's ability to prepare for it." *Id.*

43

Two days after the submission date on her Motion for Summary Judgment on Attorneys' Fees, Crowell filed new evidence, entitled the "Supplement to the Affidavit of John B. Shely." 1st Supp. CR3-6. The Supplement to the Affidavit of John B. Shely identified $19,345.50 in additional attorneys' fees that Crowell had not requested in her Motion for Summary Judgment on Attorneys' Fees. *Compare* CR366-480 *with* CR836-63 *and* 1st Supp. CR3-6. Significantly, Crowell failed to demonstrate that her late filing of evidence was accidental instead of intentional or the result of conscious indifference. CR836-63; 1st Supp. CR3-6. In addition, Crowell failed to demonstrate that her late filing would not cause Starbranch undue prejudice. CR836-63; 1st Supp. CR3-6.

Without giving Starbranch an appropriate opportunity to object or otherwise respond, and less than a week after Crowell filed the new evidence, the trial court awarded $19,245.50 (of the $19,345.50 sought in Crowell's Motion to Consider the Supplemental Affidavit). CR917 (App. 3).

Starbranch filed an amended motion for reconsideration objecting to the trial court's consideration of the new evidence. CR 981-1011. In her amended motion for reconsideration, Starbranch identified her objections to Crowell's new evidence and presented affidavits controverting Crowell's new evidence. CR 981-1011. The trial court denied Starbranch's motion for reconsideration. CR 1059-60 (App. 1).

44

Because summary judgment is a "harsh remedy," the notice requirements of the rule must be "strictly construed." *Sams v. N.L. Indus., Inc.*, 735 S.W.2d 486, 487 (Tex. App.—Houston [1st Dist.] 1987, no writ). Starbranch should have been given notice of when the trial court would consider Crowell's new evidence. Tex. R. Civ. P. 21 (b) ("An application to the court for an order and notice of any hearing thereon, not presented during a hearing or a trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court."). However, Crowell did not provide Starbranch with notice of either a hearing or a submission date on Crowell's Motion to Consider the Supplemental Affidavit. Consequently, Starbranch had no way of knowing how long she had to respond to Crowell's new evidence. Under these circumstances, Starbranch was unduly prejudiced.

To give Starbranch a full opportunity to respond to Crowell's new evidence, Starbranch should have been given notice of a hearing or submission date on Crowell's Motion to Consider the Supplemental Affidavit and adequate time to respond to Crowell's new evidence. Without notice of when Crowell's new evidence would be considered by the trial court or an opportunity to object or otherwise respond to the new evidence, Starbranch was unduly prejudiced. *Cf. Sanders v. Capitol Area Council*, 930 S.W.2d 905, 911 (Tex. App.—Austin 1996, no writ) ("[A]llowing arguments made in the movant's reply to be considered, after

the fact, as independent grounds for summary judgment would subvert the orderly process contemplated by rule 166a and put the nonmovant to an unfair burden."); *Extended Services Program, Inc. v. First Extended Serv. Corp.*, 601 S.W.2d 469, 470 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) ("To hold otherwise would permit the movant to take unfair advantage of the nonmovant by permitting the movant to serve his summary judgment evidence on the nonmovant on the seventh day before the hearing, thus requiring the nonmovant's response to depend upon leave of the court. This would be untenable under our summary judgment practice.").

For these reasons, the trial court abused its discretion by entering summary judgment based upon new evidence that was not supported by good cause and that unduly prejudiced Starbranch. Accordingly, the attorneys' fee award should be reversed and the case should be remanded to the trial court for further proceedings.

## F. The trial court granted more relief than was requested in Crowell's Motion for Summary Judgment on Attorneys' Fees.

A "motion for summary judgment must itself state specific grounds on which judgment is sought." *McConnell v. Southside Independent School Dist.*, 858 S.W.2d 337, 339 (Tex. 1993). "The motion for summary judgment must stand or fall on the grounds it specifically and expressly sets forth." *Id.* "[A] summary judgment cannot be sustained on a ground not specifically set forth in the motion."

*Id.* "[A] literal reading of Rule 166a(c) and [other] authorities indicate that the motion **itself** must state the grounds." *Id.* (bold in original).

In other words, a movant may not file supplemental evidence to amend her motion for summary judgment or to raise new and independent summary-judgment grounds. *Cf. McConnell,* 858 S.W.2d at 339 ("When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if the summary judgment proof supports them and the responding party did not except to the motion."); *Highland Capital Management, L.P. v. Ryder Scott Co.*, 402 S.W.3d 719, 740 n.12 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("A movant is not entitled to use its reply to amend its motion for summary judgment or to raise new and independent summary-judgment grounds.").

In her motion for summary judgment on attorneys' fees, Crowell specifically sought $71,354.80 because, "[a]s outlined in Mr. Shely's affidavit, $71,354.80 is a reasonable fee given the actions of Starbranch and other defendants after Ms. Crowell purchased property intended for her home and other development." CR 370-71. This amount represented the fees allegedly incurred by Crowell between February 28, 2013, and October 1, 2014. CR 386-479. Crowell's motion did not expressly seek the recovery of any other attorneys' fees incurred by Crowell. CR 366-72.

Without demonstrating good cause,[15] Crowell filed her Motion to Consider the Supplemental Affidavit after the submission date for the summary judgment motion. *Compare* CR836-63 *and* 1st Supp. CR3-6 *with* CR722-23. As expressly acknowledged by Crowell, she filed her Motion to Consider the Supplemental Affidavit to raise new and independent summary judgment grounds that she had not presented in her summary judgment motion. CR834-35. Crowell submitted the supplement to the affidavit of John B. Shely to the trial court because:

> [It] describes additional fees incurred by Ms. Crowell in connection with the pending motions on summary judgment as to attorneys' fees and for work performed on other litigation activities related solely to Defendant Dr. Eileen K. Starbranch since November 1, 2014. ***These fees are not included in the pending filings.***
>
> Consideration of the Supplement will allow the Court to simultaneously evaluate the most recent attorneys' fees incurred by Ms. Crowell along with those previously submitted and will promote judicial efficiency in resolving matters currently before the Court.
>
> CR834-35 (bold and italics added for emphasis).

According to Crowell's lead counsel, the attorneys' fees incurred since November 1, 2014, totaled $19,345.50. 1st Supp. CR3-6. The trial court awarded most of these fees (i.e., $19,245.50) even though they entailed a new and independent ground for summary judgment that had not been sought in Crowell's initial

---

[15] *Carpenter,* 98 S.W.3d at 686 ("Our rules . . . provide that a trial court may permit an act to be done after a period prescribed in other procedural rules upon a showing of 'good cause.' Tex. R. Civ. P. 5.").

summary judgment motion. *Compare* CR366-480 *with* CR836-63 *and* 1ˢᵗ Supp. CR3-6.

The trial court erred by awarding $19,245.50 which was never specifically requested in Crowell's summary judgment motion. Tex. R. Civ. P. 166a(c); *Hourani v. Katzen*, 305 S.W.3d 239, 255 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("A trial court errs in granting more relief than was requested" in the summary judgment motion); *LaGoye v. Victoria Wood Condominium Ass'n*, 112 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("a trial court cannot grant more relief than was requested by a motion for summary judgment").

"When, as here, a trial court grants more relief by summary judgment than requested, by disposing of issues never presented to it, the interests of judicial economy demand that [this Court] reverse and remand as to those issues, but address the merits of the properly presented claims." *Positive Feed, Inc. v. Guthmann*, 4 S.W.3d 879, 881 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Accordingly, this Court should reverse and remand as to $19,245.50 which was never specifically requested in Crowell's summary judgment motion.

## CONCLUSION AND PRAYER

For the foregoing reasons, Starbranch respectfully requests that the Court reverse the district court's judgment and render judgment that Crowell take nothing on her claim for attorneys' fees under the Declaratory Judgments Act.

Alternatively, Starbranch requests that the Court modify the judgment to dismiss the claim for declaratory relief and remand for a new trial on attorneys' fees. Starbranch also asks for all other relief to which she is entitled, including vacatur of the award of attorneys' fees when the judgment to which it relates is either modified or set aside.

Respectfully submitted,

NELSON S. EBAUGH, P.C.

/s/ Nelson S. Ebaugh

Nelson S. Ebaugh
Texas Bar No. 24007139
NELSON S. EBAUGH, P.C.
2777 Allen Parkway, Suite 1000
Houston, TX 77019
Ph    (713) 752-0700
Fax   (713) 739-0500
nebaugh@ebaughlaw.com

**COUNSEL FOR APPELLANT**

50

## CERTIFICATE OF COMPLIANCE

Based on a word count run in Microsoft Word 2007, this brief contains 11,742 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

## CERTIFICATE OF SERVICE

On September 11, 2015, I electronically filed this Brief for Appellant with the Clerk of Court using the eFile.TXCourts.gov electronic filing system which will send notification of such filing to the following:

John B. Shely
Courtney B. Glaser
ANDREWS KURTH, LLP
600 Travis, Suite 4200
Houston, Texas 77002
JShely@andrewskurth.com
CGlaser@andrewskurth.com

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

**APPENDIX**

**Tab**  **Item**

1.   Order and Final Judgment, signed April 28, 2015 (CR1059-60)

2.   Order on Defendant Starbranch's Motion to Dismiss Action for Declaratory Judgment and Action to Quiet Title, signed April 22, 2015 (CR1040)

3.   Order Granting Motion for Summary Judgment on Attorneys' Fees, signed April 6, 2015 (CR917)

4.   Settlement Agreement and Mutual Release, effective October 15, 2013 (CR866-908)

5.   Certificate of Termination of a Domestic Nonprofit Corporation or Cooperative Association (Jandor Gardens Association, Inc.), filed on November 20, 2013 (1st Supp. CR120-22)

6.   Tex. Bus. Orgs. Code § 22.152

7.   Tex. Bus. Orgs. Code § 22.221

8.   Tex. Bus. Orgs. Code § 22.235

9.   *Wise v. Conklin*, No. 01–13–00840–CV, 2015 WL 1778612 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no pet.)

10.   *McGlown v. Ashford Park Homeowners Association, Inc.*, No. 01-08-00619-CV, 2009 WL 1635310 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (mem. op.)

4/23/2015 4:37:35 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 5013458
By: TOLMAN, TAMMY E
Filed: 4/23/2015 4:37:35 PM

CAUSE NO. 2013-14192

| | | |
|---|---|---|
| ELIZABETH HOWARD CROWELL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| JANDOR GARDENS ASSOCIATION, INC., | § | |
| GEORGE L. PARKER, EVA K. PARKER, | § | |
| SARAH WHITING, RON WITTE, | § | |
| LAWRENCE E. PLOTSKY, RICK RAMBO, | § | |
| FRANCES RAMBO, DAVID D. STOCK, | § | |
| ANNA L. STOCK, WYMAN H. HERENDEEN, | § | 55TH JUDICIAL DISTRICT |
| MARY HERENDEEN, FEREIDOON | § | |
| SHARIFI, SOODY SHARIFI, EDWARD G. | § | |
| RIZK, BILLIE RIZK, BENJAMIN LEVIT, | § | |
| ERICA LEVIT, GARRET S. MADDERRA, | § | |
| GEORGE W. HAWKINS, EILEEN K. | § | |
| STARBRANCH, CATHERINE A. MORGAN, | § | |
| GEORGIA W. HITCHCOCK, JAMES | § | |
| CARPER, WALTER J. TAYLOR, ANITA J. | § | |
| TAYLOR, AND ERIK MAZZIOTTA | § | HARRIS COUNTY, TEXAS |

*P2 REHRY (7)*

ORDER *and FINAL JUDGMENT*

On this day, the Court has considered Defendant Eileen K. Starbranch's ("Starbranch")

(i) First Amended Motion for Reconsideration of Order Granting Plaintiff's Motion for Summary

Judgment on Attorneys' Fees, (ii) Supplement to Defendant Starbranch's Motion to Dismiss

Action for Declaratory Judgment and Action to Quiet Title, and (iii) Defendant Starbranch's

Motion to Compel (the "Post-Judgment Motions"), and Plaintiff Elizabeth Howard Crowell's

("Crowell") Response to Starbranch's Post-Judgment Motions *including affidavits*. The Court finds that each of

Starbranch's Post-Judgment Motions should be DENIED in their entirety. *The Court has considered Starbranch's objections and took them into account in carefully reviewing the subject attorneys' fees. The Court eliminated requested fees that were not segregated or were related solely to parties other than Starbranch. Fees were awarded only for causes of action which support attorneys' fees.*

HOU:3547662.1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1059

On April 6, 2015, the Court entered an order resolving Crowell's claim for declaratory relief and awarding Crowell reasonable and necessary trial attorneys' fees in the amount of $26,462.00 (the "Summary Judgment Order").

On April 14, 2015, the Court entered an Order Approving Nonsuit Without Prejudice as to all of Crowell's claims not addressed in the Summary Judgment Order.

On April 22, 2015, the Court entered an Order on Defendant Starbranch's Motion to Dismiss Action for Declaratory Judgment and Action to Quiet Title, finding that Starbranch's request for dismissal of Crowell's action to quiet title was rendered moot by Crowell's Notice of Nonsuit Without Prejudice, and dismissing Crowell's claim for declaratory relief as moot because it was resolved by the Summary Judgment Order.

It is therefore ORDERED that Starbranch's Post-Judgment Motions are DENIED.

It is further ORDERED that, for the reasons set forth in the Summary Judgment Order, Plaintiff Elizabeth Howard Crowell is awarded attorneys' fees in the amount of $26,462.00 from Defendant Eileen K. Starbranch.

This is a Final Judgment.

SIGNED this 28 day of April, 2015.

_____
JUDGE PRESIDING

HOU:3547662.1

1060

4/17/2015 2:18:31 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4935907
By: FLORES, DANIEL
Filed: 4/17/2015 2:18:31 PM

Cause No. 2013-14192

| | | |
|---|---|---|
| Elizabeth Howard Crowell, | § | In the District Court of |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| Jandor Gardens Association, Inc., George L. | § | |
| Parker, Eva K. Parker, Sarah Whiting, Ron | § | |
| Witte, Lawrence E. Plotsky, Rick Rambo, | § | |
| Frances Rambo, David D. Stock, Anna L. | § | Harris County, Texas |
| Stock, Wyman H. Herendeen, Mary | § | |
| Herendeen, Fereidoon Sharifi, Soody Sharifi, | § | |
| Edward G. Rizk, Billie Rizk, Benjamin | § | |
| Levit, Erica Levit, Garret S. Madderra, | § | |
| George W. Hawkins, Eileen K. Starbranch, | § | __JURY TRIAL DEMANDED__ |
| Catherine A. Morgan, Georgia W. Hitchcock, | § | |
| James Carper, Walter J. Taylor, Anita J. | § | |
| Taylor, and Erik Mazziotta, | § | |
| | § | |
| Defendants. | § | 55th Judicial District |

### Order on Defendant Starbranch's Motion to Dismiss
### Action for Declaratory Judgment and Action to Quiet Title

Pending before the Court is Defendant Starbranch's Motion to Dismiss Action for Declaratory Judgment and Action to Quiet Title. The Court has considered the motion and the response filed by Plaintiff Elizabeth Howard Crowell, if any, and finds that Starbranch's request for dismissal of Plaintiff's action to quiet title was rendered moot by Plaintiff's Notice of Nonsuit without Prejudice filed on April 9, 2015; however, Starbranch's request for dismissal of Plaintiff's claim for declaratory relief is well taken. Accordingly, it is hereby

ORDERED that Plaintiff Elizabeth Howard Crowell's action for declaratory judgment that she filed against Starbranch is dismissed because the claim is moot.

Signed on ___April 22___, 2015.

_____
Honorable Jeff Shadwick

1040

CAUSE NO. 2013-14192

| | | |
|---|---|---|
| ELIZABETH HOWARD CROWELL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| VS | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| JANDOR GARDENS ASSOCIATION, | § | |
| et al. | § | |
| | § | 55TH JUDICIAL DISTRICT |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON ATTORNEYS' FEES

Upon consideration of Plaintiff's Motion for Summary Judgment on Attorneys' Fees, Defendant Starbranch's response and objections, Plaintiff's reply and supplement, the Court finds that the Motion should be granted to the following extent:

Plaintiff Elizabeth Howard Crowell is awarded judgment for attorneys' fees in the amount of 26,462.00, from Defendant Eileen K. Starbranch. This amount reflects the unrebutted $19,245.50 set out in John Shely's April 1, 2015, affidavit, and $7,116.50 awarded from the amounts requested in Plaintiff's February 25, 2015, motion. To the extent the full amount requested by Plaintiff was not awarded, the Court is sustaining the objections raised by Starbranch.

IT IS SO ORDERED.

SIGNED on the 6 day of April, 2015.

JUDGE JEFF SHADWICK

**FILED**
Chris Daniel
District Clerk

APR 06 2015

Time:_____
Harris County, Texas
By_____
Deputy

917

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is between: Elizabeth Howard Crowell ("Plaintiff"), on the one hand, and Jandor Gardens Association, Inc., Sarah Whiting, Ron Witte, Lawrence E. Plotsky, Rick Rambo, Frances Rambo, David D. Stock, Anna L. Stock, Wyman H. Herendeen, Mary Herendeen, Fereidoon Sharifi, Soody Sharifi, Edward G. Rizk, Billie Rizk, Benjamin Levit, Erica Levit, Walter J. Taylor, and Anita J. Taylor ("Defendants"), on the other hand (Plaintiff and Defendants are collectively referred to as the "Parties"). This Agreement shall be effective as of the date set forth below (the "Effective Date").

## RECITALS

A.    WHEREAS, certain disputes, claims, and alleged causes of action have existed by and between Plaintiff and Defendants, which disputes, claims, and alleged causes of action arose out of, or are related to, real property located within the Jandor Gardens subdivision, including disputes relating to the deed restrictions applicable to Jandor Gardens, real property filings pertaining to property within Jandor Gardens, and Defendants' efforts to form a property owners' association in Jandor Gardens.

B.    WHEREAS, as a result of such disputes, claims, and alleged causes of action, certain litigation was instituted by Plaintiff against Defendants in Cause No. 2013-14192, styled *Elizabeth Howard Crowell v. Jandor Gardens Association, Inc., et al.*, in the 55th Judicial District Court of Harris County, Texas (the "Lawsuit"). Reference is hereby made to the pleadings on file in the Lawsuit for a more thorough description of the disputes, claims, and causes of action made the subject of this Agreement.

C.    WHEREAS, Defendants Rick Rambo and Frances Rambo filed counterclaims against Plaintiff in the Lawsuit (the "Counterclaim"). Reference is hereby made to the pleadings on file in the Lawsuit for a more thorough description of the disputes, claims, and causes of action made the subject of this Agreement. No other Defendants besides Rick Rambo and Frances Rambo filed any claims or alleged causes of action against Plaintiff.

D.    WHEREAS, Defendants' Counterclaim included an application for injunctive relief, which the Court denied, and which is the subject of an interlocutory appeal, Cause No. 01-13-00862-CV, styled *Rick Rambo and Frances Rambo v. Elizabeth Howard Crowell*, in the First District Court of Appeals, Houston, Texas (the "Appeal"). The Lawsuit, the Counterclaim, and the Appeal may be collectively referred to as the "Litigation."

E.    WHEREAS, the Court granted Plaintiff's Motion for Summary Judgment and in that regard signed Orders on August 19, 2013, and on October 8, 2013, declaring that the real property filings at issue in the Litigation have no force and effect, are nullified, and are no longer a cloud on the title to, and right of ownership of, the property at issue. Reference is hereby made to the August 19, 2013 and October 8, 2013 Orders for a more thorough description of the real property filings at issue in the Litigation.

Plaintiff002761

F.    WHEREAS, Defendants deny any liability to Plaintiff for any disputes, claims, or alleged causes of action made the basis of the Litigation.

G.    WHEREAS, Plaintiff denies any liability to Defendants for any disputes, claims, or alleged causes of action made the basis of the Litigation.

H.    WHEREAS, the Parties desire to forever settle any and all matters in controversy between them that arise from or relate to the Litigation as of the Effective Date.

NOW, THEREFORE, for and in consideration of the aforesaid premises, mutual covenants, agreements, acknowledgments, conditions and representations set forth herein and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

## AGREEMENT

1.    **Settlement Payment / Closing**.

Defendants will pay Plaintiff the amount of Two Hundred Thousand Dollars and NO/100 ($200,000.00) by cashier's check made payable to Elizabeth Howard Crowell (the "Settlement Payment"). On or before November 14, 2013, Defendants shall deliver the Settlement Payment to Daryl Bristow. Also on or before November 14, 2013, Plaintiff shall submit this Agreement as well as final copies of all documents attached hereto to Daryl Bristow. All Parties shall execute this Agreement on or before November 14, 2013.

2.    **Dismissal of Litigation.**

Within eight (8) days after the receipt and clearing of the check representing the Settlement Payment and full execution of this Agreement, and in no event later than November 22, 2013, the Parties shall direct their attorneys to file, and their attorneys shall file, an Agreed Motion to Dismiss with Prejudice seeking the entry by the Court of an Order dismissing with prejudice all claims and causes of action asserted in the Lawsuit, including the Counterclaim, such Agreed Motion and Order to be in the form attached hereto as *Exhibit A* and incorporated herein by reference.

On or before November 22, 2013, Defendants Rick and Frances Rambo will dismiss the Appeal with prejudice.

3.    **Termination of Association**.

The Defendants will terminate the Jandor Gardens Association (the "Association") by filing a Certificate of Termination of a Domestic Nonprofit Corporation or Cooperative Association with the Secretary of State in the form attached as *Exhibit B*. All fees and/or costs associated with terminating the Association shall be borne by the Association or the Defendants.

2

867

**Plaintiff002762**

4. **Filing of Order.**

The Parties acknowledge and agree that Plaintiff will file a certified copy of the Order signed October 8, 2013, which is attached as *Exhibit C*, in the real property records. The Parties acknowledge and agree that they have waived any right to appeal the Order.

5. **Applicable Deed Restrictions.**

All Parties hereto acknowledge that the 1929 deed restrictions of Jandor Gardens, recorded in Volume 811, Pages 285-286 of the Deed Records of Harris County, Texas, remain in effect, and all Parties hereto agree to comply with the deed restrictions.

6. **Additional Terms.**

   a. Plaintiff will instruct her builder to make reasonable efforts to address the privacy concerns of Defendants Anna Stock and David Stock regarding their downstairs bathroom window.

   b. Plaintiff has represented that landscaping has been provided for in the budget for her intended development of the property and agrees to landscape the property within that budget and in an appropriate manner for the subdivision.

   c. Plaintiff agrees to instruct her builder not to aim any exterior lighting directly at the homes of Defendants David Stock and Anna Stock or Wyman Herendeen and Mary Herendeen and agrees not to aim any exterior lighting directly at the home of Rick Rambo and Frances Rambo.

   d. Defendants David Stock and Anna Stock, Wyman Herendeen and Mary Herendeen, and Rick Rambo and Frances Rambo agree not to aim any exterior lighting directly at any of the houses located at 5324 Institute Lane, 5326-A Institute Lane, or 5326-B Institute Lane.

   e. Plaintiff agrees to complete the construction of the three single-family residential houses located at 5324 Institute Lane, 5326-A Institute Lane, and 5326-B Institute Lane in a manner that is reasonably equivalent to the houses reflected in *Exhibit D*.

The Parties acknowledge that the terms set forth at subsections (a) through (e) above are personal covenants and expressly agree that none of the terms set forth at subsections (a) through (e) shall be deemed covenants running with the land, nor shall they bind any future purchasers or owners of any property.

7. **No Admission of Liability.**

This Agreement is a compromise of disputed matters to avoid the further expense and inconvenience of litigation, and shall not be construed as an admission of liability or wrongdoing by any Party hereto which liability or wrongdoing all Parties expressly deny.

3

868
Plaintiff002763

8. **Release by Plaintiff.**

In consideration of the mutual promises, consideration, and covenants described herein, Plaintiff hereby releases, acquits, and forever discharges Defendants and their insurer(s) from and against any and all disputes, claims, demands, causes of action, debts, liabilities, obligations, judgments, or suits in equity, tort or contract, of whatsoever nature at common law, statutory or otherwise, or any other legal theory, arising out of or related to the circumstances that form the basis of the Litigation, known or unknown, now existing or that might arise hereafter, including all claims or causes of action that were asserted or could have been asserted in the Litigation.

9. **Release by Defendants.**

In consideration of the mutual promises, consideration, and covenants described herein, Defendants hereby release, acquit, and forever discharge Plaintiff from and against any and all disputes, claims, demands, causes of action, debts, liabilities, obligations, judgments, or suits in equity, tort or contract, of whatsoever nature at common law, statutory or otherwise, or any other legal theory, arising out of or related to the circumstances that form the basis of the Litigation, known or unknown, now existing or that might arise hereafter, including all claims or causes of action that were asserted or could have been asserted in the Litigation.

10. **Additional Acknowledgements.**

In consideration of the mutual promises, consideration, and covenants described herein, and in addition to the release set forth in paragraph 9 above, Defendants Rick Rambo and Frances Rambo hereby acknowledge and agree that Plaintiff is released from any alleged contract, written or oral, or any other theory or alleged cause of action, relating to the Jandor Court Replat No. 1 and Extension, dated January 2010.

In consideration of the mutual promises, consideration and covenants described herein, and in addition to the release set forth in paragraph 8 above, Plaintiff hereby acknowledges and agrees that Defendants Rick Rambo and Frances Rambo are released from any alleged contract, written or oral, or any other theory or alleged cause of action, relating to the Jandor Court Replat No. 1 and Extension, dated January 2010.

11. **Ownership of Claims.**

The Parties respectively represent and warrant that the Parties own and hold the claims released in this Agreement, and that they are fully authorized and empowered to fully release and extinguish all of the claims and rights released herein.

12. **Authority and Approvals.**

Each of the signatories represents and warrants that he or she has read and fully understands this Agreement, is duly authorized to fully and completely resolve all disputes between the Parties that are the subject of this Agreement, to make this

4

869

**Plaintiff002764**

Agreement, and to bind to the terms and conditions contained in this Agreement the entity or person on whose behalf he or she purports to act in the capacity identified below. Each of the signatories further represents and warrants that all corporate or other approvals necessary to enter into this Agreement have been obtained.

13. **Governing Law**.

The validity, construction, interpretation, and administration of this Agreement shall, to the extent the particular subject matter is controlled by state law, be construed, controlled, and governed by the substantive laws of the State of Texas, without regard to the conflicts of law principles thereof.

14. **Dispute Resolution**.

If a dispute should arise relating in any way to this Agreement, the Parties agree promptly to attempt to resolve same by phone conference with Daryl Bristow. If the Parties cannot resolve their differences by said phone conference, then the dispute will be resolved by Daryl Bristow in binding ad hoc arbitration pursuant to the Commercial Rules of the American Arbitration Association (AAA Rules). If Mr. Bristow is unwilling or unable to serve as an arbitrator, then the Parties will submit to arbitration by a single arbitrator in Houston, Texas, under the AAA Rules. To the extent any dispute is submitted to binding arbitration, the prevailing party shall be entitled to all reasonable attorneys' fees and costs incurred in connection with the dispute.

15. **Construction**.

The Parties represent and agree that the language used in this Agreement is the result of arms-length bargaining between sophisticated parties, that the Parties chose the language herein to express their mutual intent, and that no rule of strict construction shall be applied against any Party. The Parties further represent and agree that they have thoughtfully and voluntarily negotiated the terms of this Agreement with equal input from each Party, and that this Agreement shall not be construed against any Party for the benefit of any other Party based on an assertion of superior bargaining power, adhesion, duress, or any similar theory.

16. **Representations Regarding Negotiating the Agreement**.

The Parties expressly acknowledge and represent herein that they have carefully reviewed this Agreement, that they understand its terms and effect, that they have had the opportunity to seek legal advice and were represented by experienced counsel with respect to this Agreement, and that they have received independent legal advice, have conducted such investigation as each of them and their counsel thought appropriate, and have relied wholly upon their own judgment and knowledge and they have not been influenced to any extent whatsoever in making this Agreement by any representation or statements made by any other Party or anyone acting on behalf of any other Party.

870
**Plaintiff002765**

17. **Consideration.**

The Parties represent and agree that the consideration stated herein is contractual and not a mere recital.

18. **Integration / Entire Agreement.**

This Agreement constitutes the complete, final, integrated agreement between the Parties with regard to the settlement of their dispute and the matters released herein, and supersedes and cancels all prior or contemporaneous negotiations, drafts, offers, counter-offers, agreements, understandings, discussions, or representations, written or oral, regarding the subject matter hereof, including the Confidential Mediation Settlement Agreement.

19. **Attorneys' Fees and Expenses.**

The Parties acknowledge and agree that, except as provided in this Agreement, each of them shall bear their own costs, expenses and taxes and attorneys' fees arising out of the Litigation and the negotiation, drafting and execution of this Agreement.

20. **Counterparts, Transmission by Email or Fax.**

This Agreement may be executed in counterparts. If any signatory to this agreement elects to provide his/her signature by email or fax, an email or fax transmission showing that the signatory has signed this Agreement shall be the equivalent of an original signature for all purposes.

21. **Notices.**

All notices that any Party to this Agreement may be required or may wish to give in connection with this Agreement shall be addressed to counsel of record at the addresses set forth below (or at other such addresses as may be designated by written notices given in the manner designated herein). Such notice or notices shall be given by personal delivery, by email, or by depositing such notices, via certified U.S. Mail, Return Receipt Requested, and, if so mailed, shall be deemed and presumed to have been given on the third business day following the date of mailing. The addresses of the Parties until further notice are:

a. Plaintiff Elizabeth Howard Crowell, c/o John B. Shely, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002, *jshely@andrewskurth.com*

b. Defendants Jandor Gardens Association, Inc., Sarah Whiting, Ron Witte, Lawrence E. Plotsky, Rick Rambo, Frances Rambo, David D. Stock, Anna L. Stock, Wyman H. Herendeen, Mary Herendeen, Fereidoon Sharifi, Soody Sharifi, Edward G. Rizk, Billie Rizk, Benjamin Levit, Erica Levit, Walter J. Taylor, and/or Anita J. Taylor, c/o Eric Lipper, Hirsch & Westheimer, P.C. 1415 Louisiana, 36th Floor, Houston, Texas 77002, *elipper@hirschwest.com*.

6

871

**Plaintiff002766**

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

EFFECTIVE DATE: October 15, 2013

**[end of page]**

872
**Plaintiff002767**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _Elizabeth H. Crowell_
ELIZABETH HOWARD CROWELL

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **ELIZABETH HOWARD CROWELL**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _18th_ day of _November_, 2013.

_____
Notary Public In and For
The State of Texas

STEPHEN G. WILLIAMS JR
Notary Public, State of Texas
My Commission Expires
September 08, 2017

8

873
Plaintiff002768

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

JANDOR GARDENS ASSOCIATION, INC.

By: _Rick Rambo_

Title: _Director_

Signature: _[signature]_

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared _Rick Rambo_, the _director_ of **JANDOR GARDENS ASSOCIATION, INC.**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his/her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___16___ day of _November_, 2013.

_[signature]_
Notary Public In and For
The State of Texas

ANNA L STOCK
MY COMMISSION EXPIRES
October 6, 2018

9

874
Plaintiff002769

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
SARAH WHITING

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **SARAH WHITING**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____16_____ day of ____NOVEMBER____, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

10

875
Plaintiff002770

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
RON WITTE

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **RON WITTE**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___16th___ day of ___November___, 2013.

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

_____
Notary Public In and For
The State of Texas

11

876
**Plaintiff002771**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _Lawrence E. Plotsky_
LAWRENCE E. PLOTSKY

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **LAWRENCE E. PLOTSKY**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _19th_ day of _November_, 2013.

_R Bristow_
Notary Public In and For
The State of Texas

Rachel Bristow
My Commission Expires
04/10/2016

12

877
**Plaintiff002772**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By:

RICK RAMBO

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **RICK RAMBO**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___16___ day of _November_, 2013.

Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 5, 2016

13

878
**Plaintiff002773**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
FRANCES RAMBO

THE STATE OF TEXAS      §
                      §
COUNTY OF HARRIS      §

BEFORE ME, the undersigned authority, on this day personally appeared FRANCES RAMBO, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ____16____ day of ___November___, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

14

879
Plaintiff002774

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _David D. Stock (signature)_

DAVID D. STOCK

THE STATE OF TEXAS      §
                              §

COUNTY OF HARRIS      §

BEFORE ME, the undersigned authority, on this day personally appeared **DAVID D. STOCK**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___18th___ day of ___November___, 2013.

_Brenda D. Flores (signature)_

Notary Public In and For
The State of Texas

BRENDA DIANNE FLORES
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 03-25-2016

15

880
Plaintiff002775

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _Anna L. Stock_
ANNA L. STOCK

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **ANNA L. STOCK**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18th day of November, 2013.

_Brenda D. Flores_
Notary Public In and For
The State of Texas

BRENDA DIANNE FLORES
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 03-25-2016

16

881
Plaintiff002776

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
       WYMAN H. HERENDEEN

THE STATE OF TEXAS      §
     §
COUNTY OF HARRIS      §

BEFORE ME, the undersigned authority, on this day personally appeared **WYMAN H. HERENDEEN**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___16___ day of ___November___, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

17

882
**Plaintiff002777**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _Mary Herendeen_
            **MARY HERENDEEN**

THE STATE OF TEXAS            §
                              §
COUNTY OF HARRIS              §

BEFORE ME, the undersigned authority, on this day personally appeared **MARY HERENDEEN**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___18___ day of _November_, 2013.

_Anna L. Stock_
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

883

**Plaintiff002778**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____

**FEREIDOON SHARIFI**

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **FEREIDOON SHARIFI**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___17___ day of ___November___, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

19

884
Plaintiff002779

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
**SOODY SHARIFI**

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **SOODY SHARIFI**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _17_ day of _November_, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

20

885
**Plaintiff002780**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
**EDWARD G. RIZK**

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **EDWARD G. RIZK**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___16___ day of ___November___, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

21

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
**BILLIE RIZK**

THE STATE OF TEXAS §
§
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **BILLIE RIZK**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___16___ day of ___November___, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

22

887

Plaintiff002782

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
BENJAMIN LEVIT

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **BENJAMIN LEVIT**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _18th_ day of _November_, 2013.

_____
Notary Public In and For
The State of Texas

BLEE C. FICKLIN
MY COMMISSION EXPIRES
December 6, 2013

23

888
**Plaintiff002783**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
ERICA LEVIT

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **ERICA LEVIT**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18th day of November, 2013.

_____
Notary Public In and For
The State of Texas

BLEE C. FICKLIN
MY COMMISSION EXPIRES
December 6, 2015

24

889
Plaintiff002784

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _____
WALTER J. TAYLOR

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **WALTER J. TAYLOR**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as his act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _16th_ day of _November_, 2013.

_____
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

25

890
**Plaintiff002785**

**IMPORTANT: READ THIS AGREEMENT AND CONSULT WITH YOUR LAWYER BEFORE SIGNING!**

By: _Anita J Taylor_
                                    **ANITA J. TAYLOR**

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRIS            §

BEFORE ME, the undersigned authority, on this day personally appeared **ANITA J. TAYLOR**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated, and as her act and deed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___16___ day of _November_ 2013.

_Anna L. Stock_
Notary Public In and For
The State of Texas

ANNA L. STOCK
MY COMMISSION EXPIRES
October 6, 2016

26

891
**Plaintiff002786**

| | | |
|---|---|---|
| ELIZABETH HOWARD CROWELL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| JANDOR GARDENS ASSOCIATION, INC., | § | |
| GEORGE L. PARKER, EVA K. PARKER, | § | |
| SARAH WHITING, RON WITTE, | § | |
| LAWRENCE E. PLOTSKY, RICK RAMBO, | § | 55TH JUDICIAL DISTRICT |
| FRANCES RAMBO, DAVID D. STOCK, | § | |
| ANNA L. STOCK, WYMAN H. HERENDEEN, | § | |
| MARY HERENDEEN, FEREIDOON | § | |
| SHARIFI, SOODY SHARIFI, EDWARD G. | § | |
| RIZK, BILLIE RIZK, BENJAMIN LEVIT, | § | |
| ERICA LEVIT, GARRET S. MADDERRA, | § | |
| GEORGE W. HAWKINS, EILEEN K. | § | |
| STARBRANCH, CATHERINE A. MORGAN, | § | |
| GEORGIA W. HITCHCOCK, JAMES | § | |
| CARPER, WALTER J. TAYLOR, ANITA J. | § | |
| TAYLOR, AND ERIK MAZZIOTTA | § | HARRIS COUNTY, TEXAS |

## AGREED MOTION TO DISMISS WITH PREJUDICE

Plaintiff Elizabeth Howard Crowell and Defendants Jandor Gardens Association, Inc.,

Sarah Whiting, Ron Witte, Lawrence E. Plotsky, Rick Rambo, Frances Rambo, David D. Stock,

Anna L. Stock, Wyman H. Herendeen, Mary Herendeen, Fereidoon Sharifi, Soody Sharifi,

Edward G. Rizk, Billie Rizk, Benjamin Levit, Erica Levit, Walter J. Taylor, and Anita J. Taylor

(collectively, the "Parties") move jointly for dismissal with prejudice of all claims,

counterclaims, cross-claims, third-party actions, and causes of action asserted by the Parties

herein. All claims between and among the Parties have been fully settled and compromised. The

Parties request that the Court grant this Agreed Motion to Dismiss with Prejudice and enter the

Agreed Order submitted herewith.

HOU:3368040.1

**APPROVED AS TO FORM AND CONTENT:**

By:_____

John B. Shely
State Bar No. 18215300
Courtney B. Glaser
State Bar No. 24059824
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Telephone
713.220.4285 Facsimile

ATTORNEYS FOR PLAINTIFF ELIZABETH HOWARD CROWELL

By:_____

James J. McConn, Jr.
State Bar No. 13439700
HAYS McCONN RICE & PICKERING
1233 West Loop South, Suite 1000
Houston, Texas 77027
713.654.1111 Telephone
713.650.0027 Facsimile

ATTORNEY FOR DEFENDANTS JANDOR GARDENS ASSOCIATION, INC., RON WITTE,
RICK RAMBO, WYMAN H. HERENDEEN, ANNA L. STOCK, and FEREIDOON SHARIFI

By:_____

Eric Lipper
State Bar No. 12399000
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
713.220.9181 Telephone
713.223.9319 Facsimile

ATTORNEY FOR DEFENDANTS WYMAN & MARY HERENDEEN, BENJAMIN & ERICA
LEVIT, LAWRENCE E. PLOTSKY, RICK & FRANCES RAMBO, EDWARD & BILLIE RIZK,
FEREIDOON & SOODY SHARIFI, DAVID & ANNA STOCK, WALTER & ANITA TAYLOR, and
SARAH WHITING & RON WITTE

- 2 -

HOU:3368040.1

893
Plaintiff002788

## CERTIFICATE OF SERVICE

I hereby certify that on November ___, 2013, this document was electronically filed with the Harris County District Clerk using the electronic case filing system of CaseFileXpress. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this Notice as service of this document by electronic means. I further certify that on November ___, 2013, this document was forwarded in the manner indicated below to the following:

| | |
|---|---|
| *Via Facsimile and Email* | *Via Facsimile and Email* |
| Eric Lipper | James J. McConn, Jr. |
| Hirsch & Westheimer, P.C. | Hays, McConn, Rice & Pickering |
| The Wedge International Tower | 1233 West Loop South, Suite 1000 |
| 1415 Louisiana, 36th Floor | Houston, TX 77027 |
| Houston, TX 77002 | |

_____

HOU:3368040.1

894

**Plaintiff002789**

| | | |
|---|---|---|
| ELIZABETH HOWARD CROWELL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| JANDOR GARDENS ASSOCIATION, INC., | § | |
| GEORGE L. PARKER, EVA K. PARKER, | § | |
| SARAH WHITING, RON WITTE, | § | |
| LAWRENCE E. PLOTSKY, RICK RAMBO, | § | 55TH JUDICIAL DISTRICT |
| FRANCES RAMBO, DAVID D. STOCK, | § | |
| ANNA L. STOCK, WYMAN H. HERENDEEN, | § | |
| MARY HERENDEEN, FEREIDOON | § | |
| SHARIFI, SOODY SHARIFI, EDWARD G. | § | |
| RIZK, BILLIE RIZK, BENJAMIN LEVIT, | § | |
| ERICA LEVIT, GARRET S. MADDERRA, | § | |
| GEORGE W. HAWKINS, EILEEN K. | § | |
| STARBRANCH, CATHERINE A. MORGAN, | § | |
| GEORGIA W. HITCHCOCK, JAMES | § | |
| CARPER, WALTER J. TAYLOR, ANITA J. | § | |
| TAYLOR, AND ERIK MAZZIOTTA | § | HARRIS COUNTY, TEXAS |

## AGREED ORDER OF DISMISSAL WITH PREJUDICE

ON THIS DAY the Court considered the Parties' Agreed Motion to Dismiss with Prejudice seeking the dismissal of all claims, counterclaims, cross-claims, third-party actions, and causes of action asserted in this action by the Parties. The Agreed Motion to Dismiss with Prejudice is GRANTED.

It is therefore ORDERED that all claims and causes of action asserted in this case are dismissed with prejudice.

SIGNED this _____ day of _____, 2013.

_____
JUDGE PRESIDING

HOU:3368040.1

EXHIBIT A - PAGE 4 OF 5

895
Plaintiff002790

**APPROVED AS TO FORM AND CONTENT:**

By:_____
  John B. Shely
  State Bar No. 18215300
  Courtney B. Glaser
  State Bar No. 24059824
  ANDREWS KURTH LLP
  600 Travis, Suite 4200
  Houston, Texas 77002
  713.220.4200 Telephone
  713.220.4285 Facsimile

ATTORNEYS FOR PLAINTIFF ELIZABETH HOWARD CROWELL


By:_____
  James J. McConn, Jr.
  State Bar No. 13439700
  HAYS McCONN RICE & PICKERING
  1233 West Loop South, Suite 1000
  Houston, Texas 77027
  713.654.1111 Telephone
  713.650.0027 Facsimile

ATTORNEY FOR DEFENDANTS JANDOR GARDENS ASSOCIATION, INC., RON WITTE, RICK RAMBO, WYMAN H. HERENDEEN, ANNA L. STOCK, and FEREIDOON SHARIFI


By:_____
  Eric Lipper
  State Bar No. 12399000
  HIRSCH & WESTHEIMER, P.C.
  1415 Louisiana, 36th Floor
  Houston, Texas 77002
  713.220.9181 Telephone
  713.223.9319 Facsimile

ATTORNEY FOR DEFENDANTS WYMAN & MARY HERENDEEN, BENJAMIN & ERICA LEVIT, LAWRENCE E. PLOTSKY, RICK & FRANCES RAMBO, EDWARD & BILLIE RIZK, FEREIDOON & SOODY SHARIFI, DAVID & ANNA STOCK, WALTER & ANITA TAYLOR, and SARAH WHITING & RON WITTE

HOU:3368040.1

**EXHIBIT A - PAGE 5 OF 5**

896
**Plaintiff002791**

> The attached form is designed to meet minimal statutory filing requirements pursuant to the relevant code provisions. *This form and the information provided are not substitutes for the advice and services of an attorney and tax specialist.*

## Commentary

When the owners, members or governing authority of a domestic entity have determined that the existence of an entity should terminate, or there is an occurrence of an event specified in the governing documents requiring the winding up, dissolution or termination of a domestic entity, the entity should follow the procedures for winding up the business and affairs of the entity in the manner provided in chapter 11 of the Texas Business Organizations Code (BOC). On completion of the winding up process, a filing entity must file a certificate of termination with the secretary of state. *This form is only applicable to the termination of a nonprofit corporation or a cooperative association.*

## Instructions for Form

- **Items 1-4—Entity Information:** The certificate of termination must contain the legal name of the entity and the file number assigned by the secretary of state. It is recommended that the entity type and date of formation be provided to facilitate processing of the document. *Note that this form should only be used for the termination of a nonprofit corporation or a cooperative association.*

- **Item 5—Governing Persons:** The certificate of termination must set forth the name and address of each of the filing entity's governing persons. In general, a nonprofit corporation must have at least three directors, and a cooperative association must have three liquidating trustees. Set forth the name of the individual in the format specified. Do not use prefixes (e.g., Mr., Mrs., Ms.). Use the suffix box only for titles of lineage (e.g., Jr., Sr., III) and not for other suffixes or titles (e.g., M.D., Ph.D.). An address is always required for each governing person.

> Please note that a document on file with the secretary of state is a public record that is subject to public access and disclosure. When providing address information for governing persons, use a business or post office box address rather than a residence address if privacy concerns are an issue.

- **Item 6—Event Requiring Winding Up:** The certificate of termination must state the nature of the event requiring winding up of the entity. Sections 11.051 to 11.059 of the BOC contain provisions relating to the winding up of a domestic entity. Section 11.051 provides that winding up of a domestic entity is required on the approval of a voluntary decision to wind up the entity (option A); the expiration of the entity's period of duration as specified in its certificate of formation (option B), the occurrence of an event specified in the governing documents requiring winding up (option C), the occurrence of an event specified by the BOC requiring winding up (option D), or a decree by a court requiring winding up or dissolution of the entity rendered under the BOC or other law (option E).

Select the applicable event requiring the winding up or termination of the entity. *The secretary of state will reject a certificate of termination if item 6 is not completed.*

Form 652

897
Plaintiff002792

- **Statement Regarding Completion of Winding Up:** The certificate of termination must provide that the filing entity has complied with the provisions of the BOC governing its winding up. Please review the winding up procedures in subchapter B of chapter 11 of the BOC and any supplemental winding up procedures that may apply to the filing entity.

- **Supplemental Information Required for a Nonprofit Corporation:** The certificate of termination of a nonprofit corporation must contain a statement that:

    (1) Any property of the nonprofit corporation has been transferred, conveyed, applied, or distributed in accordance with chapters 11 and 22 of the BOC.

    (2) There is no suit pending against the nonprofit corporation or adequate provision has been made for the satisfaction of any judgment, order or decree that may be entered against the nonprofit corporation in a pending suit.

    (3) If the nonprofit corporation received and held property permitted to be used only for charitable, religious, eleemosynary, benevolent, educational, or similar purposes, but the nonprofit corporation did not hold the property on a condition requiring return, transfer, or conveyance because of the winding up and termination, the distribution of that property has been effected in accordance with a plan of distribution adopted in compliance with the BOC for the distribution of that property.

- **Effectiveness of Filing:** A certificate of termination becomes effective when filed by the secretary of state (option A). However, pursuant to sections 4.052 and 4.053 of the BOC the effectiveness of the instrument may be delayed to a date not more than ninety (90) days from the date the instrument is signed (option B). The effectiveness of the instrument also may be delayed on the occurrence of a future event or fact, other than the passage of time (option C). If option C is selected, you must state the manner in which the event or fact will cause the instrument to take effect and the date of the 90th day after the date the instrument is signed. In order for the certificate to take effect under option C, the entity must, within ninety (90) days of the filing of the certificate, file a statement with the secretary of state regarding the event or fact pursuant to section 4.055 of the BOC.

    On the filing of a document with a delayed effective date or condition, the computer records of the secretary of state will be changed to show the filing of the document, the date of the filing, and the future date on which the document will be effective or evidence that the effectiveness was conditioned on the occurrence of a future event or fact. In addition, at the time of such filing, the status of the filing entity will be shown as "voluntarily terminated" on the records of the secretary of state.

- **Execution:** Pursuant to section 4.001 of the BOC, the certificate of termination must be signed by a person authorized by the BOC to act on behalf of the entity in regard to the filing instrument.

    A certificate of termination filed by a nonprofit corporation should be signed by an officer of the corporation (BOC § 20.001).

    A certificate of termination filed by a cooperative association should be signed by an officer of the cooperative or by one or more of the persons designated as a liquidating trustee under section 251.401 of the BOC (BOC § 251.402).

    A certificate of termination need not be notarized. However, before signing, please read the statements on this form carefully. *A person commits an offense under section 4.008 of the BOC if the*

898
Plaintiff002793

*person signs or directs the filing of a filing instrument the person knows is materially false with the intent that the instrument be delivered to the secretary of state for filing. The offense is a Class A misdemeanor unless the person's intent is to harm or defraud another, in which case the offense is a state jail felony.*

- **Payment and Delivery Instructions**: The filing fee for a certificate of termination for a nonprofit corporation or cooperative association is $5. Fees may be paid by personal checks, money orders, LegalEase debit cards, or American Express, Discover, MasterCard, and Visa credit cards. Checks or money orders must be payable through a U.S. bank or financial institution and made payable to the secretary of state. Fees paid by credit card are subject to a statutorily authorized convenience fee of 2.7 percent of the total fees.

Submit the completed form in duplicate along with the filing fee. The form may be mailed to P.O. Box 13697, Austin, Texas 78711-3697; faxed to (512) 463-5709; or delivered to the James Earl Rudder Office Building, 1019 Brazos, Austin, Texas 78701. If a document is transmitted by fax, credit card information must accompany the transmission (Form 807). On filing the document, the secretary of state will return the appropriate evidence of filing to the submitter together with a file-stamped copy of the document, if a duplicate copy was provided as instructed.

Revised 05/11

899

**Plaintiff002794**

**Form 652**
**(Revised 05/11)**

Return in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512 463-5709
**Filing Fee: $5**

**Certificate of Termination of a Domestic Nonprofit Corporation or Cooperative Association**

## Entity Information

1. The name of the domestic entity is:

_____

2. The entity is organized under Texas law as a ☐ nonprofit corporation ☐ cooperative association.

3. The date of formation of the entity is: _____

4. The file number issued to the entity by the secretary of state is: _____

## Governing Persons

5. The names and addresses of each of the entity's governing persons are: (see instructions)

**GOVERNING PERSON 1**

NAME (Enter the name of either an individual or an organization, but not both.)
IF INDIVIDUAL

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|

OR
IF ORGANIZATION

Organization Name

ADDRESS

| Street or Mailing Address | City | State | Country | Zip Code |
|---|---|---|---|---|

**GOVERNING PERSON 2**

NAME (Enter the name of either an individual or an organization, but not both.)
IF INDIVIDUAL

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|

OR
IF ORGANIZATION

Organization Name

ADDRESS

| Street or Mailing Address | City | State | Country | Zip Code |
|---|---|---|---|---|

Form 652

4

**EXHIBIT B - PAGE 4 OF 6**

900
**Plaintiff002795**

**GOVERNING PERSON 3**

NAME (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|

OR

IF ORGANIZATION

Organization Name

ADDRESS

| Street or Mailing Address | City | State | Country | Zip Code |
|---|---|---|---|---|

**GOVERNING PERSON 4**

NAME (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|

OR

IF ORGANIZATION

Organization Name

ADDRESS

| Street or Mailing Address | City | State | Country | Zip Code |
|---|---|---|---|---|

## Event Requiring Winding Up
(See instructions.)

6. The nature of the event requiring winding up is set forth below: (Select either A, B, C, D, or E.)

☐ A. A voluntary decision to wind up the entity has been approved in the manner required by the Texas Business Organizations Code and by the governing documents of the entity.

☐ B. The period of duration specified in the governing documents of the entity has expired.

☐ C. The occurrence of an event specified in the governing documents of the entity that requires the winding up, dissolution, or termination of the entity

☐ D. The occurrence of an event specified in the Texas Business Organizations Code that requires the winding up, dissolution, or termination of the entity

OR

☐ E. A court decree requiring the winding up, dissolution, or termination of the entity has been rendered under the provisions of the Texas Business Organizations Code or other law.

## Completion of Winding Up

7. The filing entity has complied with the provisions of the Texas Business Organizations Code governing its winding up.

## Supplemental Information Required For a Nonprofit Corporation

The undersigned authorized person acting on behalf of the named nonprofit corporation certifies that:

Form 652

5

901

Plaintiff002796

1.  Any property of the nonprofit corporation has been transferred, conveyed, applied, or distributed in accordance with chapter 11 and chapter 22 of the Texas Business Organizations Code.

2.  There is no suit pending against the nonprofit corporation or that adequate provision has been made for the satisfaction of any judgment, order or decree that may be entered against the nonprofit corporation in a pending suit.

3.  If the nonprofit corporation received and held property permitted to be used only for charitable, religious, eleemosynary, benevolent, educational, or similar purposes, but the nonprofit corporation did not hold the property on a condition requiring return, transfer, or conveyance because of the winding up and termination, that the distribution of that property has been effected in accordance with a plan of distribution adopted in compliance with the BOC for the distribution of that property.

**Effectiveness of Filing** (Select either A, B, or C.)

A. ☐ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of the future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

```
┌─────────────────────────────────────────────────────────────┐
│                                                             │
│                                                             │
│                                                             │
│                                                             │
└─────────────────────────────────────────────────────────────┘
```

**Execution**

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date: _____

By: _____

A person authorized by law to execute the filing instrument (see instructions)

_____

Printed or typed name of authorized person

Print    Reset

902
Plaintiff002797

Certified Document Number: 57702657 - Page 1 of 3

CAUSE NO. 2013-14192

| ELIZABETH HOWARD CROWELL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| JANDOR GARDENS ASSOCIATION, INC., | § | |
| GEORGE L. PARKER, EVA K. PARKER, | § | |
| SARAH WHITING, RON WITTE, | § | |
| LAWRENCE E. PLOTSKY, RICK RAMBO, | § | 55TH JUDICIAL DISTRICT |
| FRANCES RAMBO, DAVID D. STOCK, | § | |
| ANNA L. STOCK, WYMAN H. HERENDEEN, | § | |
| MARY HERENDEEN, FEREIDOON | § | |
| SHARIFI, SOODY SHARIFI, EDWARD G. | § | |
| RIZK, BILLIE RIZK, BENJAMIN LEVIT, | § | |
| ERICA LEVIT, GARRET S. MADDERRA, | § | |
| GEORGE W. HAWKINS, EILEEN K. | § | |
| STARBRANCH, CATHERINE A. MORGAN, | § | |
| GEORGIA W. HITCHCOCK, JAMES | § | |
| CARPER, WALTER J. TAYLOR, ANITA J. | § | |
| TAYLOR, AND ERIK MAZZIOTTA | § | HARRIS COUNTY, TEXAS |

## ORDER

On this day, the Court considered the Unopposed Motion for Entry of Order filed by Plaintiff Elizabeth Howard Crowell. The Court finds that good cause exists to GRANT the motion. For the reasons set out in Plaintiff's Motion for Summary Judgment, and because notice required under Property Code § 204.006(1) & § 204.005(e) was not given to Plaintiff,

It is, therefore ORDERED that the "Notice of Formation of Petition Committee" filed November 8, 2012 (Harris County Clerk File No. 20120521806) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

It is further ORDERED that the "Petition Approval" filed November 8, 2012 (Harris County Clerk File No. 20120521807) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

HOU:3350798.2

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**FILED**
Chris Daniel
District Clerk

OCT 08 2013

Time: _____
Harris County, Texas
By _____
Deputy

EXHIBIT C - PAGE 1 OF 4

903
Plaintiff002798

It is further ORDERED that the "Petition and First Amendment to Declaration for Jandor Gardens" filed November 8, 2012 (Harris County Clerk File No. 20120521808) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

It is further ORDERED that the "Petition Pursuant to Property Code § 204.006 To Create The Jandor Gardens Association, Inc." filed November 19, 2012 (Harris County Clerk File No. 20120536661) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

It is further ORDERED that the "First Amendment to Declaration for Jandor Gardens" filed November 20, 2012 (Harris County Clerk File No. 20120540162) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property;

It is further ORDERED that the "Notice of Formation of Petition Committee" filed November 14, 2012 (Harris County Clerk File No. 20120530364) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property; and

It is further ORDERED that the "First Amendment to Declaration for Jandor Gardens" filed March 19, 2013 (Harris County Clerk File No. 20130126400) has no force and effect, is nullified, and is no longer a cloud on the title to, and right of ownership of, the Property.

This Order in no manner affects the right of any party to appeal the Order.

SIGNED this ___8___ day of ___Oct___, 2013.

_____
JUDGE PRESIDING

HOU:3350798.2

Certified Document Number: 57702657 - Page 2 of 3

EXHIBIT C - PAGE 2 OF 4

904

Plaintiff002799

APPROVED AS TO FORM:

By: _____
John B. Shely
State Bar No. 18215300
Courtney B. Glaser
State Bar No. 24059824
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Telephone
713.220.4285 Facsimile

ATTORNEYS FOR PLAINTIFF
ELIZABETH HOWARD CROWELL

By: _____
Eric Lipper
State Bar No. 12399000
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
713.220.9181 Telephone
713.223.9319 Facsimile

ATTORNEY FOR DEFENDANTS
WYMAN & MARY HERENDEEN,
BENJAMIN & ERICA LEVIT,
LAWRENCE E. PLOTSKY,
RICK & FRANCES RAMBO,
EDWARD & BILLIE RIZK,
FEREIDOON & SOODY SHARIFI,
DAVID & ANNA STOCK,
WALTER & ANITA TAYLOR, and
SARAH WHITING & RON WITTE

By: _____
James J. McConn, Jr.
State Bar No. 13439700
HAYS McCONN RICE & PICKERING
1233 West Loop South, Suite 1000
Houston, Texas 77027
713.654.1111 Telephone
713.650.0027 Facsimile

ATTORNEY FOR DEFENDANTS
JANDOR GARDENS ASSOCIATION, INC.,
RON WITTE, RICK RAMBO,
WYMAN H. HERENDEEN, ANNA L.
STOCK, and FEREIDOON SHARIFI

HOU:3350798.2

Certified Document Number: 57702657 - Page 3 of 3

EXHIBIT C - PAGE 3 OF 4

Plaintiff002800



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 25, 2013

Certified Document Number:        57702657 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT C - PAGE 4 OF 4

906
**Plaintiff002801**

CROWELL RESIDENCE
5324 Institute Lane, Houston, Texas

ARCHITECTS
THE HOPKINS COMPANY
New Orleans

A-02

EXHIBIT D - PAGE 1 OF 2

907
Plaintiff002802



EXHIBIT D - PAGE 2 OF 2

908

Plaintiff002803

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Carlos Cascos
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

Jandor Gardens Association, Inc.
Filing Number: 801686494

Certificate of Termination

November 20, 2013

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 02, 2015.



Carlos Cascos
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

119

Phone: (512) 463-5555        Fax: (512) 463-5709        Dial: 7-1-1 for Relay Services
Prepared by: SOS-WEB         TID: 10266                 Document: 599592520005

**Form 652**
(Revised 05/11)

Return in duplicate to
Secretary of State
P O Box 13697
Austin, TX 78711-3697
512 463-5555
FAX 512 463-5709
**Filing Fee $5**



**Certificate of Termination
of a Domestic
Nonprofit Corporation or
Cooperative Association**

This space reserved for office use

F I L E D
In the Office of the
Secretary of State of Texas

**NOV 2 0 2013**

**Corporations Section**

## Entity Information

1 The name of the domestic entity is

_Gardens Gardens Association, Inc_

2 The entity is organized under Texas law as a ☒ nonprofit corporation ☐ cooperative association

3 The date of formation of the entity is _11 - 16 - 12_

4 The file number issued to the entity by the secretary of state is _801 686 494_

## Governing Persons

5 The names and addresses of each of the entity's governing persons are (see instructions)

| GOVERNING PERSON 1 |
|---|
| NAME (Enter the name of either an individual or an organization, but not both ) |
| IF INDIVIDUAL |
| Rick L Rambo |
| First Name / M I / Last Name / Suffix |
| OR |
| IF ORGANIZATION |
| Organization Name |
| ADDRESS |
| 5322 Institute Ln, Houston TX 77005 |
| Street or Mailing Address / City / State / Country / Zip Code |

| GOVERNING PERSON 2 |
|---|
| NAME (Enter the name of either an individual or an organization but not both ) |
| IF INDIVIDUAL |
| Luhman H. Hernandez |
| First Name / M I / Last Name / Suffix |
| OR |
| IF ORGANIZATION |
| Organization Name |
| ADDRESS |
| 5732 INSTITUTE LANE Houston, TX 77005 |
| Street or Mailing Address / City / State / Country / Zip Code |



Form 652

120

**GOVERNING PERSON 3**

NAME (Enter the name of either an individual or an organization, but not both )

**IF INDIVIDUAL**

_RON RWITTE_

| First Name | M I | Last Name | Suffix |

**OR**

**IF ORGANIZATION**

_Organization Name_

**ADDRESS**

_5306 INSTITUTE LANE    HOUSTON,    TX    77005_

| Street or Mailing Address | City | State | Country | Zip Code |

---

**GOVERNING PERSON 4**

NAME (Enter the name of either an individual or an organization, but not both )

**IF INDIVIDUAL**

| First Name | M I | Last Name | Suffix |

**OR**

**IF ORGANIZATION**

_Organization Name_

**ADDRESS**

| Street or Mailing Address | City | State | Country | Zip Code |

## Event Requiring Winding Up
(See instructions )

6  The nature of the event requiring winding up is set forth below    (Select either A B C D or E )

☐ A    A voluntary decision to wind up the entity has been approved in the manner required by the Texas Business Organizations Code and by the governing documents of the entity

☐ B    The period of duration specified in the governing documents of the entity has expired

☐ C    The occurrence of an event specified in the governing documents of the entity that requires the winding up, dissolution, or termination of the entity

☐ D    The occurrence of an event specified in the Texas Business Organizations Code that requires the winding up, dissolution, or termination of the entity

**OR**

☑ E    A court decree requiring the winding up, dissolution, or termination of the entity has been rendered under the provisions of the Texas Business Organizations Code or other law

## Completion of Winding Up

7  The filing entity has complied with the provisions of the Texas Business Organizations Code governing its winding up

## Supplemental Information Required For a Nonprofit Corporation

The undersigned authorized person acting on behalf of the named nonprofit corporation certifies that

1  Any property of the nonprofit corporation has been transferred, conveyed, applied, or distributed in accordance with chapter 11 and chapter 22 of the Texas Business Organizations Code

2  There is no suit pending against the nonprofit corporation or that adequate provision has been made for the satisfaction of any judgment, order or decree that may be entered against the nonprofit corporation in a pending suit

3  If the nonprofit corporation received and held property permitted to be used only for charitable religious, eleemosynary, benevolent, educational, or similar purposes, but the nonprofit corporation did not hold the property on a condition requiring return, transfer, or conveyance because of the winding up and termination, that the distribution of that property has been effected in accordance with a plan of distribution adopted in compliance with the BOC for the distribution of that property

## Effectiveness of Filing (Select either A B, or C )

A ☑ This document becomes effective when the document is filed by the secretary of state

B ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing  The delayed effective date is _____

C ☐ This document takes effect upon the occurrence of the future event or fact, other than the passage of time  The 90th day after the date of signing is _____

The following event or fact will cause the document to take effect in the manner described below

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument

Date  11/17/13

By  _____

_Rick L Rambo, director_
A person authorized by law to execute the filing instrument
(see instructions)

RICK  L  RAMBO
Printed or typed name of authorized person

| Qgou | | Sftfu' |

> Vernon's Texas Statutes and Codes Annotated
>   Business Organizations Code (Refs & Annos)
>     Title 2. Corporations (Refs & Annos)
>       Chapter 22. Nonprofit Corporations
>         Subchapter D. Members

V.T.C.A., Business Organizations Code § 22.152

§ 22.152. Immunity from Liability

Effective: January 1, 2006
Currentness

The members of a corporation are not personally liable for a debt, liability, or obligation of the corporation.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

V. T. C. A., Business Organizations Code § 22.152, TX BUS ORG § 22.152
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business Organizations Code (Refs & Annos)
    Title 2. Corporations (Refs & Annos)
      Chapter 22. Nonprofit Corporations
        Subchapter E. Management

V.T.C.A., Business Organizations Code § 22.221

§ 22.221. General Standards for Directors

Effective: January 1, 2006
Currentness

(a) A director shall discharge the director's duties, including duties as a committee member, in good faith, with ordinary care, and in a manner the director reasonably believes to be in the best interest of the corporation.

(b) A director is not liable to the corporation, a member, or another person for an action taken or not taken as a director if the director acted in compliance with this section. A person seeking to establish liability of a director must prove that the director did not act:

(1) in good faith;

(2) with ordinary care; and

(3) in a manner the director reasonably believed to be in the best interest of the corporation.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

V. T. C. A., Business Organizations Code § 22.221, TX BUS ORG § 22.221
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

Vernon's Texas Statutes and Codes Annotated
  Business Organizations Code (Refs & Annos)
    Title 2. Corporations (Refs & Annos)
      Chapter 22. Nonprofit Corporations
        Subchapter E. Management

V.T.C.A., Business Organizations Code § 22.235

§ 22.235. Officer Liability

Effective: January 1, 2006
Currentness

(a) An officer is not liable to the corporation or any other person for an action taken or omission made by the officer in the person's capacity as an officer unless the officer's conduct was not exercised:

(1) in good faith;

(2) with ordinary care; and

(3) in a manner the officer reasonably believes to be in the best interest of the corporation.

(b) This section shall not affect the liability of the corporation for an act or omission of the officer.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

V. T. C. A., Business Organizations Code § 22.235, TX BUS ORG § 22.235
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 1778612
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

Court of Appeals of Texas,
Houston (1st Dist.

Kerry Ann Wise, Appellant
v.
Connie Lou Conklin, Appellee

NO. 01–13–00840–CV    |    Opinion issued April 16, 2015

**Synopsis**
**Background:** Purchaser filed suit against vendor's former wife, asserting claims for slander of title and tortious interference with contract arising out of wife's refusal to release abstract of judgment that was recorded after vendor sold property to purchaser, and sought declaratory judgment that abstract had no effect against property, and attorney fees. The 157th District Court, Harris County, entered partial summary judgment for purchaser on claim for declaratory relief, but denied request for attorney fees, and entered judgment for wife on tort claims. Purchaser appealed.

**Holdings:** The Court of Appeals, Terry Jennings, J., held that:

[1] abstract judgment recorded after vendor sold real property to purchaser could not have created lien on real property, as required to support claim for slander of title;

[2] wife did not willfully and intentionally interfere with purchaser's subsequent attempt to sell house, as required to support claim for tortious interference with contract; and

[3] action for declaratory judgment that abstract of judgment "had no force or effect on property," was one for removal of cloud on property for which attorney fees were not available.

Affirmed.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

West Headnotes (4)

**[1]    Appeal and Error** 👈 Insufficient discussion of objections

Purchaser waived claim on appeal challenging legal sufficiency of evidence to support trial court's conclusion that vendor's former wife committed slander of title by recording abstract judgment on property after by challenging only trial court's finding with respect to requisite element that judgment clouded purchaser's title and made it impossible for her to sell property, and by failing to make any argument in her appellate brief as to sufficiency of evidence to support trial court's findings on other four requisite elements.

Cases that cite this headnote

**[2]    Libel and Slander** 👈 Actionable words or conduct relating to title

Abstract judgment obtained by vendor's former wife and recorded after vendor sold real property to purchaser could not have created lien on real property, as required to support claim against former wife for slander of title arising out of wife's refusal to remove abstract, where purchaser owned property at time abstract was recorded, and wife could not have refused to release lien that did not exist on property.

Cases that cite this headnote

**[3]    Torts** 👈 Contracts in general

Vendor's former wife did not willfully and intentionally interfere with purchaser's subsequent attempt to sell house, as required to support purchaser's claim for tortious interference with contract, by allegedly refusing to release abstract of judgment recorded after vendor sold property to purchaser; wife's attorney testified that he received calls about abstract of judgment after it was recorded, that he did not understand why callers were asking for release since abstract against husband did not create lien on property that did not belong to him at time abstract was recorded, that he did not release abstract, and that he thought title company, which had refused to issue title policy due to abstract, could make exception, and purchaser admitted that she did not know why wife did not release abstract could not "get into [wife's] mind to know that."

Cases that cite this headnote

**[4]    Costs** 👈 Declaratory judgment
**Quieting Title** 👈 Costs

Purchaser's action for declaratory judgment that abstract of judgment recorded by vendor's former wife on property after vendor had sold property "had no force or effect on property," was one for removal of cloud on property presented by abstract of judgment for which attorney fees were not available, where purchaser stated in petition that she filed suit against wife in order to remove cloud from title.

[Cases that cite this headnote](#)

**On Appeal from the 157th District Court, Harris County, Texas, Trial Court Case No. 2011–32399**

**Attorneys and Law Firms**

Lennon C. Wright, for Kerry Ann Wise.

Kirk W.W. Evans, for Connie Lou Conklin.

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

## MEMORANDUM OPINION

Terry Jennings Justice

**\*1** Appellant, Kerry Ann Wise, challenges the trial court's judgment, entered after a trial to the court, in favor of appellee, Connie Lou Conklin, in Wise's suit seeking to remove an alleged cloud from a title to real estate and to recover damages for slander of title and tortious interference with a contract. In three issues, Wise contends that the evidence is legally and factually insufficient to support the trial court's judgment and the trial court erred in denying her request for attorney's fees.

We affirm.

## Background

In her third amended petition, Wise alleged that on or about July 6, 2010, she purchased from Warren Clay Fry a piece of property located at 20210 Pittsford, Katy, Harris County, Texas 77450 (the "Pittsford Property"). In connection with the transaction, Wise performed a title search, which showed that the property was unencumbered. Following her purchase, Wise renovated the Pittsford

Property and received an offer to buy the property. As Wise and her buyers prepared to close the transaction, the title company discovered that Fry's ex-wife, Conklin, had filed an Abstract of Judgment against Fry approximately one month after Wise had purchased the Pittsford Property. According to Wise, the abstract affected her ability to transfer the property to her buyers because it clouded her title. Wise attempted to resolve the title issue with Conklin and her attorney, Patrick O'Fiel. However, Conklin refused to "release the property." Because of the "cloud on the title," Wise suffered damages, including loss of a sale, lost business opportunities, lost profits, and expenses in maintaining the property. Wise sought removal of the alleged cloud from the title, damages for slander of title and tortious interference with a contract, and attorney's fees.

At trial, Wise testified that she entered into a contract to purchase the Pittsford Property from Fry for $86,000.00. The title company checked the property's title and determined "there were no encumbrances, no liens, and the property was free and clear." Fry executed and recorded the deed, which transferred the property to Wise on July 23, 2010. Following her purchase, Wise renovated the Pittsford Property with the help of her construction superintendent, Michael Dunn. In connection with the renovations, she incurred expenses of $62,104.59, plus $20,500.00 for Dunn's services and expenses. Subsequently, she entered into a contract to sell the property to John Lawrence and Aline Morales Packard for the purchase price of $206,500.00. She stood to make a profit of $37,895.41 on the sale.

Wise, however, could not close the sale with Lawrence and Packard because "the title was ... cloudy" due to the Abstract of Judgment recorded on August 19, 2010 by Conklin. The abstract stated that Conklin had received a judgment against Fry for $375,609.50 on November 12, 2009. [1]

**\*2** Upon learning of the abstract, Wise and Dunn attempted to contact Conklin and O'Fiel to explain their problem with selling the Pittsford Property. Conklin told Wise that "she would do nothing to help." And O'Fiel told Wise that "he could do nothing" and "his client [Conklin] refused to release the lien."

On October 26, 2010, Wise wrote a letter to Conklin and O'Fiel explaining that she could not sell the Pittsford Property to Lawrence and Packard because of the "clouded title" and requesting that they "please lift th[e] cloud." She received no response. On November 29, 2010, Wise's attorney sent, by certified mail to O'Fiel, a letter in which she explained that the abstract "resulted in clouding ... Wise's title to th[e] property" and caused Wise to lose her sale of the property "because the title company refused to issue title insurance." Wise's attorney requested that Conklin sign a "Partial Release of Abstract of Judgment for ... Wise's property." O'Fiel did not respond. Wise stated that she did not know why Conklin would not release the abstract and could not "get into [her] mind to know that" but opined that Conklin felt "[r]etaliation against the house" and "anger."

In his deposition, O'Fiel testified that, as a result of divorce proceedings between Conklin and Fry, Conklin secured a judgment of approximately $375,000.00 against Fry. Six or seven months after the entry of that judgment, O'Fiel filed the Abstract of Judgment. He subsequently received a telephone call from "somebody" asking about the abstract and for a release of it. O'Fiel looked into the matter, but did not release the abstract. O'Fiel admitted to receiving Wise's personal letter and her attorney's letter, with a proposed Partial Release of the Abstract of Judgment, and stated that he had been notified by "[s]omebody ... claim[ing] that a title company would not issue [a] policy."

Finally, Lennon Wright, Wise's trial attorney, testified that his rate is $350.00 per hour and Wise had incurred $1,750.00 in reasonable and necessary attorney's fees related to the removal of cloud from title.

The trial court rendered a take-nothing judgment against Wise on her claims for slander of title and tortious interference with a contract. And it issued findings of fact and conclusions of law. The trial court did not award Wise attorney's fees related to her action to remove a cloud from the title, upon which the court had previously granted Wise summary judgment.

## Sufficiency of Evidence

In her first issue, Wise argues that the evidence is legally and factually insufficient to support the trial court's finding and conclusion of law that Conklin did not commit slander of title because "[t]he refusal to release a lien created by an abstracted judgment on a homestead which results in a loss of a sale can constitute a slander of title." In her third issue, Wise argues that the evidence is legally and factually insufficient to support the trial court's conclusion of law that Conklin did not tortiously interfere with her contract to sell the Pittsford Property to Lawrence and Packard because she "entered into a valid earnest money contract for the sale of the property," Conklin "had actual knowledge of ... the contract that existed between [Wise] and the purchasers [and] ... a clear cut indication about what would happen if she continued to refuse to release the lien," Conklin's "refusal to release the Abstract of Judgment was the proximate cause of [Wise's] damages," and Wise "sustained damage" by losing the sale of the property.

**\*3** In an appeal from a judgment rendered after a trial to the court, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal and factual sufficiency of the evidence supporting them, just as we would review a jury's findings. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). In conducting a legal-sufficiency review, we consider all of the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex.2005). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable fact finder could consider it, and disregard evidence

contrary to the finding unless a reasonable factfinder could not disregard it. *Id.* at 827; *Brown v. Brown,* 236 S.W.3d 343, 348 (Tex.App.–Houston [1st Dist.] 2007, no pet.). In a legal-sufficiency challenge on an issue on which an appellant bears the burden of proof, she must demonstrate that the evidence conclusively established all vital facts to support the issue. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001); *Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.,* 336 S.W.3d 764, 781 (Tex.App.–Houston [1st Dist.] 2011, no pet.). In reviewing such a matter-of-law challenge, the court employs a two-part test. *Reliant Energy,* 336 S.W.3d at 781. The court first examines the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chem.,* 46 S.W.3d at 241; *Reliant Energy,* 336 S.W.3d at 781. If there is no evidence to support the finding, the reviewing court examines the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem.,* 46 S.W.3d at 241; *Reliant Energy,* 336 S.W.3d at 781. If the contrary proposition is established conclusively, the issue is sustained. *Dow Chem.,* 46 S.W.3d at 241; *Reliant Energy,* 336 S.W.3d at 781.

In conducting a factual-sufficiency review, we review all of the evidence in a neutral light and will reverse only if the evidence supporting the finding is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong or manifestly unjust. *SeeDow Chem.,* 46 S.W.3d at 242; *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). When a party is challenging the factual sufficiency of a finding regarding an issue upon which she had the burden of proof, she must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.,* 46 S.W.3d at 242; *Reliant Energy,* 336 S.W.3d at 782.

We review a trial court's conclusions of law as legal questions, de novo. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). Although a trial court's conclusions of law may not be challenged for factual sufficiency, we may review the legal conclusions drawn from the facts to determine whether the conclusions are correct. *Id.* If we determine that a conclusion of law is erroneous, but the trial court nevertheless rendered the proper judgment, the error does not require reversal. *Id.*

Finally, we note that, in a bench trial, the trial court is the sole judge of the witnesses' credibility, and it may choose to believe one witness over another; a reviewing court may not impose its own opinion to the contrary. *SeeGolden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex.2003); *Zenner v. Lone Star Striping & Paving L.L.C.,* 371 S.W.3d 311, 314 (Tex.App.–Houston [1st Dist.] 2012, pet. denied).

### *Slander of Title*

 **[1]**  Wise asserts that "[t]he refusal to release a lien created by an abstracted judgment on a homestead which results in a loss of a sale constitutes a slander of title" and "[t]here is no question

that the abstracted judgment clouded [her] title and made it impossible for her to sell" the Pittsford Property.

To recover in an action for slander of title, a party must allege and prove: (1) uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale. *See Williams v. Jennings,* 755 S.W.2d 874, 879 (Tex.App.–Houston [14th Dist.] 1988, writ denied). In her brief, Wise only addresses the last element, loss of a specific sale. Notably absent from her brief is any discussion, analysis, argument, or supporting authorities addressing the other necessary five elements of her slander of title claim.

**\*4** A party that raises a legal-sufficiency challenge to a finding on an issue on which she bears the burden proof must demonstrate that the evidence conclusively establishes all vital facts to support the issue. *See Dow Chem.,* 46 S.W.3d at 241. And a party challenging the factual sufficiency of a finding regarding an issue on which she has the burden of proof must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *See id.* By not offering any discussion, analysis, argument, or supporting authorities related to all of the required elements of her slander of title claim, Wise cannot maintain her legal and factual-sufficiency challenges.

Further, an appellant's brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). A failure to provide substantive analysis of an issue or cite appropriate authority waives the complaint. *See Richard v. Cornerstone Constructors, Inc.,* 921 S.W.2d 465, 469 (Tex.App.–Houston [1st Dist.] 1996, writ denied). Accordingly, we hold that Wise has waived her challenge to the trial court's finding of fact and conclusion of law that Conklin did not commit slander of title. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284–85 (Tex.1994) (appellate court may deem points of error waived due to inadequate briefing).

**[2]** Moreover, we note that the basis for Wise's slander of title claim is fundamentally flawed. Wise asserts that Conklin's "refusal to release the lien created by [the] abstracted judgment ... which result[ed] in a loss of a sale" of the Pittsford Property constitutes slander of title. However, the filing of the Abstract of Judgment by Conklin did not place a lien on the Pittsford Property.[2]

A properly recorded and indexed abstract of judgment creates a lien on a *judgment debtor's real property* that is located in the county in which the abstract is recorded and indexed. TEX. PROP. CODE ANN.. § 52.001 (Vernon Supp. 2014). Thus, once a judgment in favor of a judgment creditor has been secured, the creditor may wish to record an abstract of judgment in order to create a lien to attach to the judgment debtor's real property and to provide notice to subsequent purchasers and encumbrancers of the existence of the judgment against the debtor and the lien. *See id.*; *Noble Mortg. & Invs., LLC v. D & M Vision Invs., LLC,* 340 S.W.3d 65, 81 (Tex.App.–Houston

[1st Dist.] 2011, no pet.); *Olivares v. Bir die L. Nix Trust,* 126 S.W.3d 242, 247 (Tex.App.–San Antonio 2003, pet. denied).

Notably, however, the recording and indexing of a judgment creditor's abstract of judgment *only* impacts *real property owned by the judgment debtor. See*TEX. PROP. CODE ANN.. § 52.001 (duly recorded abstract of judgment "constitutes a lien on *the real property of the defendant* located in the county in which the abstract is recorded and indexed" (emphasis added)); *First State Bank v. Jones,* 107 Tex. 623, 183 S.W. 874, 876 (1916); *Gaona v. Gonzales,* 997 S.W.2d 784, 786 (Tex.App.–Austin 1999, no pet.); *Ferguson v. Kuehn,* 246 S.W. 674, 675–76 (Tex.Civ.App.– Austin 1922, no writ). In other words, the recording and indexing of an abstract of judgment will not attach a lien to a property unless it is actually owned by the judgment debtor at the time of the abstract's recording. *See*Smith v. Sumeer Homes, Inc.,* No. 05–11–01632–CV, 2013 WL 2467252, at *3–5 (Tex.App.–Dallas June 6, 2013, pet. denied) (mem. op.); *Gamer v. Love,* 41 S.W.2d 356, 359 (Tex.Civ.App.–Fort Worth 1931, writ dism'd w.o.j.); *Marks v. Bell,* 31 S.W. 699, 702 (Tex.Civ.App.–Dallas 1895, writ ref'd); *see also*Westman v. James B. Clow & Sons, Inc.,* 38 F.2d 124, 125 (W.D.Tex.1930) (recording of abstract of judgment does not, by itself, create lien); *Pacific Fin. Corp. v. Donald,* 286 S.W.2d 260, 263 (Tex.Civ.App.–Beaumont 1955, no writ) (when judgment abstracted only after judgment debtor conveyed property to another individual, judgment did not create lien on property). Thus, in order to determine whether an abstract of judgment creates a lien on a particular piece of real property, it is imperative to determine who owned the property at the time the abstract was recorded. *See*Gaona,* 997 S.W.2d at 786.

**\*5** Here, Conklin's divorce attorney, O'Fiel, testified that as a result of divorce proceedings between Conklin and Fry, the previous owner of the Pittsford Property, Conklin secured a judgment of approximately $375,000.00 against Fry on November 12, 2009. Six or seven months after entry of that judgment, O'Fiel filed the Abstract of Judgment August 19, 2010.

There is no evidence, and Wise does not argue, that she was involved in the Conklin–Fry divorce proceedings or the judgment obtained by Conklin in those proceedings was against anyone other than Fry. Also, it is undisputed that the Abstract of Judgment was not recorded until after Fry had sold the Pittsford Property and Wise had become its owner. Given these circumstances, the Abstract of Judgment could not, as a matter of law, have created a lien on the Pittsford Property or affected it in any way. *See*Smith,* 2013 WL 2467252, at *3–5 (abstract of judgment cannot create lien on property not actually owned by judgment debtor at time of recording); *Pacific Fin.,* 286 S.W.2d at 263 (where judgment abstracted after judgment debtor conveyed property to another, judgment did not create lien on property); *Gamer,* 41 S.W.2d at 359 (abstract of judgment cannot relate back and create lien on property no longer owned by judgment debtor at time of filing); *First Nat'l Bank of McAllen v. Moore,* 7 S.W.2d 145, 146 (Tex.Civ.App.–San Antonio 1928, writ dism'd w.o.j.) (where judgment obtained in suit in which individual not party, recording of abstract of judgment cannot affect individual's title to property); *Ferguson,* 246 S.W. at 675–76 (abstract

of judgment does not create lien on property of individual not defendant in suit); *Marks,* 31 S.W. at 702 (recording and indexing abstract of judgment does not create lien on property not owned by judgment debtor at time of recording); *see also**Westman,* 38 F.2d at 125 (recording of abstract of judgment does not, by itself, create lien).

Further, because Conklin's Abstract of Judgment did not create a lien on the Pittsford Property, Conklin could not have been required to release a lien that did not exist or the Abstract of Judgment, which did not name Wise or pertain to the Pittsford Property. *See**Leslie v. W. Steel Co.,* 202 F.Supp. 27, 28 (S.D.Tex.1962) (applying Texas law and explaining, "[t]he holder of a judgment has an inherent right to have h[er] judgment abstracted and recorded, and there is no duty of the holder of such judgment to issue any release to parties owning land who are not mentioned in said abstract judgment"). While it is unfortunate that the title company, utilized by Wise and her buyers for the attempted sale of the Pittsford Property, did not understand that the Abstract of Judgment had no effect on the Pittsford Property, blame cannot be placed on Conklin for this misunderstanding.

We overrule Wise's first issue.

### *Tortious Interference*

**[3]** Wise next asserts that she "has satisfied each required element" of her claim for tortious interference with a contract.

To establish a cause of action for tortious interference, a plaintiff must prove that (1) a contract subject to interference exists; (2) the defendant committed a willful and intentional act of interference with the contract; (3) the act proximately caused injury; and (4) the plaintiff sustained actual damages or loss. *ACS Invs., Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex.1997). Because it is dispositive, we focus on Conklin's alleged willful and intentional act of interference.

**\*6** Interference is tortious only if it is intentional. *See**Southwestern Bell Tel. Co. v. John Carlo Tex., Inc.,* 843 S.W.2d 470, 472 (Tex.1992). The intent required is the intent to interfere, not just intent to do the particular act done. *See id.* To establish a willful and intentional act of interference, there must be evidence that a party was more than a willing participant; it must knowingly induce one of the contracting parties to breach its obligations. *See**Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 927 (Tex.1993); *Funes v. Villatoro,* 352 S.W.3d 200, 213 (Tex.App.–Houston [14th Dist.] 2011, pet. denied).

Here, Wise asserts that "the evidence is convincing that [she] made clear to Conklin and her attorney that she was going to lose the sale of the Pittsford [Property], which was under contract, if the property was not released from the abstract .... [and] Conklin acted maliciously towards her by intentionally refusing to execute a release of lien on property to which [Conklin] had no right, title or interest."

The evidence presented at trial, however, does not establish that Conklin acted with the requisite intent in refusing to release the Abstract of Judgment. O'Fiel, Conklin's divorce attorney, testified that he filed the Abstract of Judgment six or seven months after Conklin had obtained a judgment against Fry. He subsequently received a call from "somebody" asking about the abstract and whether he would release it. O'Fiel ultimately did not "take any actions to release the Abstract of Judgment" and did not "intend[ ] to release [it]." As he explained:

> After I realized that the abstract was filed after [Fry] sold [the Pittsford Property], it didn't really make a whole lot of sense of why somebody would need a release of an abstract that doesn't affect the property. It just didn't make any sense.... I didn't know the details. All I know is I get calls from these people that I've never met before that have never had any involvement with me stating that they want something that I couldn't understand why they needed it, because it didn't affect their property anymore.

Although O'Fiel stated that he had been notified by "somebody ... claim[ing] that a title company would not issue [a] policy," he noted that he thought the title company could make "an exception" and he did not know "how far they [went] with the policy." Further, "[a]fter [his] conversation with the title company, [he did not] recall any other communications with them," therefore, as far as he knew, "they could have figured out a way" around the alleged title problem. We hold that O'Fiel's testimony does not establish a willful and intentional act of interference with a contract by Conklin.

Further, we note that Wise did not call Conklin as a witness, and Wise, herself, testified that she did not know why Conklin did not release the Abstract of Judgment and could not "get into [Conklin's] mind to know that." This evidence does not show a "willful and intentional act of interference." *See* *ACS Invs.,* 943 S.W.2d at 430.

We conclude that the trial court correctly applied the law to the facts of the case. Accordingly, we hold that the trial court did not err in concluding that Conklin did not tortiously interfere with Wise's contract. *See* *BMC Software,* 83 S.W.3d at 794.

We overrule Wise's third issue.


## Attorney's Fees

**[4]** In her second issue, Wise argues that the trial court erred in not awarding her attorney's fees because she "filed this suit as a Declaratory Judgment action in order to remove the cloud on the

title" and "is only asking for attorney's fees for the removal of the cloud, not for the action for damages." Wise asserts that her attorney "testified during the trial of this case that the sum of $1,750 was a reasonable and necessary fee for removal of the cloud" and "[t]his testimony was not refuted or questioned in any manner."

**\*7** The Uniform Declaratory Judgment Act ("UDJA") "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998); *Indian Beach Prop. Owners' Ass'n v. Linden,* 222 S.W.3d 682, 706 (Tex.App.–Houston [1st Dist.] 2007, no pet.); *see also*TEX. CIV. PRAC. & REM. CODE ANN.. § 37.009 (Vernon 2008) ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). Because the grant or denial of attorney's fees is within the sound discretion of the trial court, its judgment will not be disturbed on appeal in the absence of a clear showing that it abused its discretion. *Oake v. Collin Cnty.,* 692 S.W.2d 454, 455 (Tex.1985); *Indian Beach Prop.,* 222 S.W.3d at 706.

A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex.2002); *Indian Beach Prop.,* 222 S.W.3d at 706. A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *Bocquet,* 972 S.W.2d at 21; *Indian Beach,* 222 S.W.3d at 706. We presume that the trial court acted within the bounds of discretion unless the record shows the contrary. *Sanchez v. AmeriCredit Fin. Servs., Inc.,* 308 S.W.3d 521, 526 (Tex.App.–Dallas 2010, no pet.); *Beard v. Endeavor Natural Gas, L.P.,* No. 01–08–00180–CV, 2008 WL 5392026, at \*8 (Tex.App.–Houston [1st Dist.] Dec. 19, 2008, pet. denied) (mem. op.). Here, the trial court did not reveal the basis for its denial of attorney's fees; therefore, we may uphold its ruling on any basis supported by the evidence. *Beard,* 2008 WL 5392026, at \*8. It is Wise's burden to bring a record showing that the trial court abused its discretion. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987).

In her petition, Wise labeled her suit to remove "cloud" from the Pittsford Property's title as a declaratory judgment action, and she sought a declaration that "the abstract of [judgment had] no force and effect against" the property. Wise moved for partial summary judgment on this claim, which the trial court granted. She did not move for summary judgment on her attorney's fees claim. At trial, Wright, Wise's attorney, testified that his rate is $350.00 per hour and he incurred a total of $1,750.00 in reasonable and necessary attorney's fees related to the removal of cloud from title.

Although Wise asserts that she is entitled to attorney's fees under the UDJA, "[a] declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute or to settle disputes already pending before a court." *Southwestern Guar. Trust Co. v.*

*Hardy Road 13.4 Joint Venture,* 981 S.W.2d 951, 956 (Tex.App.–Houston [1st Dist.] 1998, pet. denied). Here, an examination of the pleadings reveals that Wise's declaratory-judgment action is, in reality, a suit to remove a cloud from a title.

> A suit to clear title or quiet title—also known as a suit to remove cloud from title ... exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." ...The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title.

*Essex Crane Rental Corp. v. Carter,* 371 S.W.3d 366, 388 (Tex.App.–Houston [1st Dist.] 2012, pet. denied) (internal citations omitted); *see also Vernon v. Perrien,* 390 S.W.3d 47, 61–62 (Tex.App.–El Paso 2012, pet. denied) (explaining suit to remove cloud from title). Wise states in her petition that she "brings this action against the [d]efendant to remove the cloud, so that she may sell it in the future." And the trial court in its judgment determined "that the Abstract of Judgment ... has no force and effect as to" the Pittsford Property. We conclude that Wise's suit is one to remove a cloud from a title.

**\*8** "Attorney's fees are not available in a suit to quiet title or to remove cloud on title." *Southwestern Guar. Trust,* 981 S.W.2d at 956. And the UDJA cannot be used to "supplant [such a suit] by allowing attorney's fees under these circumstances." *Id.*; *see also Sani v. Powell,* 153 S.W.3d 736, 746 (Tex.App.–Dallas 2005, pet. denied) ("In substance Powell's claim for declaratory relief is a claim to quiet title.... We conclude ... that Powell was not entitled to an award of attorney's fees under the [UDJA]."); *DAS Inv. Corp. v. Nowak,* No. 01–02–00140–CV, 2004 WL 396983, at \*2–3 (Tex.App.–Houston [1st Dist.] Mar. 4, 2004, no pet.)(mem. op.) (where counterclaim alleged liens were clouds on title and were unenforceable and prevented defendants from having good and marketable title to property, defendants could not recover attorney's fees under UDJA because claim was one to quiet title); *Kennesaw Life & Acc. Ins. Co. v. Goss,* 694 S.W.2d 115, 117–18 (Tex.App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.) (UDJA could not be used to recover attorney's fees for a suit brought to remove cloud from title). Accordingly, we hold that the trial court did not abuse its discretion by failing to award Wise her attorney's fees.

We overrule Wise's second issue.

## Conclusion

We affirm the judgment of the trial court.

## All Citations

Not Reported in S.W.3d, 2015 WL 1778612

Footnotes

1      *See* TEX. PROP. CODE ANN.. § 52.003(a) (Vernon Supp. 2014) (abstract of judgment must contain names of plaintiff and defendant; defendant's birthdate; last three numbers of defendant's driver's license; last three numbers of defendant's social security number; number of suit in which judgment was rendered; defendant's address; date on which judgment was rendered; amount of judgment; and rate of interest specified in judgment).

2      In fact, Wise's counsel admitted at trial that Conklin "didn't file a lien on the Pittsford Property.... She just filed the abstract."

---

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

2009 WL 1635310
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

**MEMORANDUM OPINION**
Court of Appeals of Texas,
Houston (1st Dist.).

Willie McGLOWN, Jr., Appellant
v.
ASHFORD PARK HOMEOWNERS ASSOCIATION, INC., Appellee.

No. 01-08-00619-CV.  |  June 11, 2009.

West KeySummary

**1**   **Judgment**  ⟜ Banks, Corporations and Associations

A trial court erred in granting summary judgment for a homeowners' association in the association's action against one of its property owners for the owner's failure to timely pay assessments levied against him where contested issues remained for trial. As proof of actual damages, the association provided an affidavit from its records custodian who stated that "[t]he account reflecting the maintenance charges and costs of collection assessed against [the owner's] property is attached hereto as Exhibit 1." However, Exhibit 1 was not attached to the record custodian's affidavit and was not included with the association's motion for summary judgment. In addition, none of the requests for admission asked the owner to admit the amount of actual damages sought by the association.

Cases that cite this headnote

On Appeal from County Civil Court at Law No. 2, Harris County, Texas, Trial Court Cause No. 872089.

**Attorneys and Law Firms**

Althea M. Bailey, for Willie McGlown, Jr.

Christopher A. Kesler, Walter Edward Spears, for Ashford Park Homeowners Association, Inc.

Panel consists of Justices KEYES, HANKS, and BLAND.

## MEMORANDUM OPINION

JANE BLAND, Justice.

**\*1** Ashford Park Homeowners' Association, Inc. (the Association) sued one of its property owners, Willie McGlown, Jr., for his failure to timely pay assessments levied against him. The trial court granted the Association's motion for summary judgment, and awarded actual damages and attorney's fees. McGlown, proceeding pro se, appeals, contending that the trial court erred in granting summary judgment because contested issues remain for trial. We agree and reverse.

### Background

The Association Declaration of Covenants, Conditions, and Restrictions (declaration) of Ashford Park requires each lot owner to pay assessments imposed by the board of directors of the Association. The declaration, as well as Texas statute, allows the Association to charge a lot owner interest, late charges, costs, and reasonable attorney's fees if that owner does not timely pay an assessment. The declaration also reserves to the Association a continuing lien against the lot to secure any outstanding assessments. According to the Association's pleadings, McGlown failed to pay his homeowners' assessment, amounting to more than $2,144.75, including interest, costs, and attorney's fees.

The Association sent a request for admissions of fact to McGlown by certified and first class mail on or about October 13, 2006. The certified mail was returned unclaimed; the first-class mail was not returned. The record reveals that, while McGlown still had legal representation, his counsel sought to undo the deemed admissions through a motion to strike, but the record does not contain any ruling on that motion.

In December 2006, the Association moved for summary judgment based on the deemed admissions, an affidavit from the Association's records custodian, and an attorney's fees affidavit executed by its own attorney. In his response, McGlown challenged the validity of the deemed admissions, provided a copy of correspondence showing that he had sent a $457.00 check to the Association representing the amount of the assessment plus late fees before receiving a demand letter for $3,646.90, and challenged the reasonableness of the attorney's fees sought.

On April 8, 2008, the trial court granted summary judgment in favor of the Association, and awarded $1,372.50 in damages and $5,000 in attorney's fees, as well as fees for defense of the judgment on appeal and pre- and post-judgment interest. On May 8, 2008, McGlown filed his "Objections to Judgment," in which he contended that the trial court erred in granting the attorney's fees award and that fact issues existed concerning whether the Association had agreed to accept the tendered payment, and requested that the judgment be reversed and that "[he] be given [his] day in court."

## Discussion

### *Standard of Review*

McGlown has asserted a general complaint that the trial court erred in granting summary judgment. *See Malooly Bros. Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *Provident Life Accid. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). In a traditional motion for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court must grant a judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). We review the evidence in a light favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Dorsett,* 164 S.W.3d at 661; *Knott,* 128 S.W.3d at 215;*Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

 **\*2** Summary judgments must stand on their own merits. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000). The nonmovant has no burden to respond to a traditional summary judgment motion unless the movant conclusively establishes its cause of action. *See id.;Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222-23 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *see also Grace v. Titanium Electrode Prods., Inc.,* 227 S.W.3d 293, 297 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

### *Did the Association meet its burden of proof?*

The Association's claim against McGlown is essentially one for breach of the declaration. To prove a breach of contract cause of action, the plaintiff bears the burden to show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Valero Mkt'g & Supply Co. v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist.] 2001, no pet.). McGlown admits that he failed to timely pay the 2006 assessment owed to the Association under the declaration. We examine, then, whether the Association conclusively proved actual damages and attorney's fees as required to satisfy its summary judgment burden.

### *Proof of actual damages*

As proof of actual damages, the Association provided with its summary judgment motion an affidavit from its records custodian, who, after making recitals to satisfy the evidentiary rule for business records, declared that "[t]he account reflecting the maintenance charges and costs of collection assessed against [McGlown's] property is attached hereto as Exhibit '1.' " Exhibit 1, however, is not attached to the record custodian's affidavit, and was not included with either the original or amended motion for summary judgment. In addition, we have reviewed the requests for admission and none ask McGlown to admit the amount of actual damages sought by the Association. Aside from the reference to the omitted Exhibit 1 accounting, no evidence supports the amount of actual damages awarded in the summary judgment. Resolving all doubts against the Association, therefore, we hold that it failed to meet its summary judgment burden on damages because it did not submit competent proof of them. *See* TEX.R. CIV. P. 166a(c).

### *Proof of attorney's fees*

Next, we consider whether the Association's evidence supports the attorney's fees award. As a general rule, the party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991). Chapter 38 of the Texas Civil Practice and Remedies Code, which the Association invoked here, affords the party seeking fees the presumption that the usual and customary fees for the eligible claim are reasonable. TEX. CIV. PRAC. & REM.CODE ANN. §§ 38.001, 38.003 (Vernon 2008). This presumption, however, is subject to rebuttal, and McGlown has challenged the reasonableness of the Association's fee demand. *See* TEX. CIV. PRAC. & REM.CODE ANN . § 38.003. In reviewing the reasonableness of an attorney's fees award, the court considers:

**\*3** (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04). The amount of attorney's fees sought also must bear some reasonable relationship to the amount in controversy. *USAA County Mut. Ins. Co. v. Cook,* 241 S.W.3d 93, 103 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Although proof of the number of hours and corresponding hourly rate are not necessarily required, the trial court generally relies on evidence of hours expended and the attorney's stated hourly rate to determine whether the requested fee is reasonable for the nature and extent of the services performed. *McGee v. Deere & Co.,* No. 03-04-00222-CV, 2005 WL 670505, *4 (Tex.App.-Austin Mar. 24, 2005, pet. denied) (mem.op.) (citing *Collins v. Guinn,* 102 S.W.3d 825, 836 (Tex.App.-Texarkana 2003, pet. denied)).

In this case, the Association's own attorney executed the attorney's fees affidavit in support of its summary judgment motion. Uncontroverted testimony of an interested witness will establish attorney's fees sought are reasonable and necessary as a matter of law if (1) the testimony could readily be contradicted if untrue; (2) the testimony is clear, direct, and positive; and (3) there are no circumstances tending to discredit or impeach the testimony.*Rosenblatt v. Freedom Life Ins. Co. of Am.,* 240 S.W.3d 315, 321 (Tex.App.-Houston [1st Dist.] 2007, no pet.)(citing *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990)).

The Association's attorney describes his professional experience and itemizes activities he identifies as "the services that are necessary to handle a collection matter which is similar in nature to the above-entitled and numbered cause."The attorney avers that "the total amount of attorney's fees and expenses incurred by Ashford Park Homeowners Association, Inc. in the prosecution of this lawsuit is $7,620.00," and, after reciting the reasonableness factors, opines that such sum "is a reasonable attorney's fee and is in accordance with the attorney's fees normally and customarily charged in litigation of the type now before the Court."

**\*4** This affidavit does not satisfy the Association's summary judgment burden. First, the affidavit does not identify the services actually performed on behalf of the Association in this lawsuit, itemize the hours expended, or identify the attorney's hourly rate. The absence of these objective criteria prevents the affidavit from being readily controvertible.

Second, controverting evidence before the trial court bars summary judgment on the Association's attorney's fees claim. In his response, McGlown challenged the reasonableness of the Association's fee request with evidence that (1) he tendered a $457.20 check for payment of his dues, plus late charges, before he was served with any documents from an attorney, including the Association's demand letter, (2) the Association delayed in opening the mail containing the tendered check for

several days, and (3) after an additional delay, the Association returned the check and demanded the sum of $3,646.90.

The trial court's judgment awards only $5,000.00 in fees, less than the amount sought by the Association. It reflects that the trial court was duly concerned about the issue, but the court was not authorized to make a fact finding at this stage. *See Guity v. C.C.I. Enter. Co.,* 54 S.W.3d 526, 528 (Tex.App.-Houston [1st Dist.] 2001, no pet.). (holding that, when summary judgment record contains evidence contesting reasonableness of the attorney's fees requested, trial court may not resolve issue on summary judgment); *see also Rosenblatt,* 240 S.W.3d at 321. Accordingly, we reverse the trial court's summary judgment on the attorney's fee award.

## Conclusion

The Association failed to meet its summary judgment burden to conclusively prove the amount of actual damages and its reasonable and necessary attorney's fees. We therefore reverse the judgment and remand the cause for trial.

## All Citations

Not Reported in S.W.3d, 2009 WL 1635310

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.